Internal Revenue Service | Department of the Treasury

Date: APR 1 0 1991

Name of Partnership:
OASIS DATE ASSOCIATES

Taxpayer Identifying Number:
33-0044213

Tax Years Ended:
DECEMBER 31, 1984 AND
DECEMBER 31, 1985

Date FPAA Mailed to Tax Matters Partner:

Person to Contact:
Don Webb

Contact Telephone Number:
(209) 443-7568

ORIGINAL

FRED BEHRENS
Tax Matters Partner
OASIS DATE ASSOCIATES
52300 ENTERPRISE WAY
COACHELLA, CA 92236-2707

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding agreement to treat the partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of agreement, the treatment of the partnership items of the partnership under the agreement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest the adjustments in court, you have **90 days** from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has not filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in the Claims Court or a district court) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

Exhibit 3

B9

(Continued)

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the total partnership adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the first page of this letter, the FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permited to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
by

Jesse A. Cota

Jesse A. Cota
District Director

<u>Enclosures:</u>
Form 870-P
Copy of this letter

B10

FORM 870-P

Department of the Treasury - Internal Revenue Service

# AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

| Taxpayer(s) name(s), address, and ZIP code | Name of partnership | Tax Year(s) ended |
|---|---|---|
| TAX MATTERS PARTNER<br>OASIS DATE ASSOCIATES<br>52300 ENTERPRISE WAY<br>COACHELLA, CA 92236-2707 | OASIS DATE ASSOCIATES .<br>Taxpayer identifying number 33-0044213 | DECEMBER 31, 1984 AND<br>DECEMBER 31, 1985 |
| Taxpayer Identifying Number 33-0044213 | Name of tax matters partner<br>FRED BEHRENS | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into an agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as provided by law) provided in section 6625(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

Signature of taxpayer Date

Signature of taxpayer Date

By (Signature and title) Date

**If this offer is executed by a tax matters partner, please include title with the signature.**

**NOTE:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a **JOINT RETURN OF A HUSBAND AND WIFE** was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which; if not previously filed, must accompany this form.

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

B11

Department of the Treasury -Internal Revenue Service

AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS

Schedule Of Adjustments

| Name of Partnership<br>OASIS DATE ASSOCIATES | Tax Year(s) Ended | |
|---|---|---|
| Taxpayer Identifying Number 33-0044213 | 12-31-84 | 12-31-85 |
| **Detail Of Adjustments To Ordinary Income** | | |
| SCHEDULE F-FARMING EXPENSES | $ 4,696,859.00 | $ 905,590.00 |
| OTHER DEDUCTIONS | $ 113,071.00 | $ 103,346.00 |
| INTEREST EXPENSE | $ 288.00 | |
| SCHEDULE F-COST OF GOODS SOLD | | $ 4,696,859.00 |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $ 4,810,218.00 | $ 5,705,795.00 |
| OTHER ADJUSTMENTS | | |
| A. TAX PREFERENCE ITEM-QUALIFIED INVESTMENT INCOME | | |
| (1) Adjustment | $ 23,952.00 | $ 1,108,750.00 |
| (2) As Reported | $ 23,952.00 | $ 1,108,750.00 |
| (3) Corrected | $ 0.00 | 0.00 |
| B. TAX PREFERENCE ITEM-QUALIFIED INVESTMENT EXPENSE | | |
| (1) Adjustment | $ 4,762,115.00 | $ 998,848.00 |
| (2) As Reported | $ 4,762,115.00 | $ 998,848.00 |
| (3) Corrected | $ 0.00 | 0.00 |

REMARKS

CONTINUED ON ATTACHMENT TO 870-P

B12

Department of the Treasury -Internal Revenue Service
ATTACHMENT TO 870-P

Schedule Of Adjustments

| Name of Partnership<br>OASIS DATE ASSOCIATES<br><br>Taxpayer Identifying Number:33-0044213 | Tax Year(s) Ended | |
|---|---|---|
| | 12-31-84 | 12-31-85 |
| OTHER ADJUSTMENTS | | |
| C. INVESTMENT INTEREST-INVESTMENT INCOME | | |
| (1) Adjustment | $ 23,952.00 | $ 3,879.00 |
| (2) As Reported | $ 23,952.00 | $ 3,879.00 |
| (3) Corrected | $ 0.00 | 0.00 |
| D. INVESTMENT CREDIT PROPERTY USED | | |
| (1) Adjustment | | $ 125,000.00 |
| (2) As Reported | | 125,000.00 |
| (3) Corrected | | $ 0.00 |
| E. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| F. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| G. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |
| H. | | |
| (1) Adjustment | | |
| (2) As Reported | | |
| (3) Corrected | | |

REMARKS

B13

EXPLANATION OF ADJUSTMENTS

It is determined that the farming expenses claimed on Schedule F in the amounts of $4,696,859.00 and $905,590.00 and Other Deductions claimed on line 22, page 1 of Form 1065 in the amounts of $113,071.00 and $103,346.00 for the taxable periods ending December 31, 1984 and December 31, 1985, respectively, are not allowable and it is determined that interest expense claimed on line 15c, page 1 of Form 1065 in the amount of $288.00 for the taxable period ending December 31, 1984 and cost of goods sold claimed on line 51 of Schedule F in the amount of $4,696,859.00 and property claimed eligible for investment credit on Form 3468 in the amount of $125,000.00 for the taxable period ending December 31, 1985, are not allowable for the following reasons:

1. The partnership's activities constitute a series of sham transactions.

2. The partnership's activities lack economic substance.

3. The partnership did not engage in the trade or business of farming during the taxable periods.

4. The partnership has not substantiated any of the expenses it claimed it paid or incurred during the taxable periods.

5. The partnership did not pay or incur any bona fide trade or business expenses during the taxable periods.

6. If it is determined that the partnership did pay or incur expenses during the taxable periods, it has not been established that the expenses paid or incurred were ordinary and necessary trade or business expenses currently deductible under section 162 of the Internal Revenue Code and the Regulations thereunder.

7. The partnership has not substantiated its claimed cost or other basis in the alleged qualified investment property.

8. The partnership has not clearly described which property it is claiming is qualified for the investment tax credit.

9. The partnership has not established that it acquired tangible personal property or other tangible property that qualifies for the investment credit, and that such property both was placed in service during the year in question and was used in a trade or business that year.

In the alternative, if the partnership activities are determined to constitute a valid trade or business, then the following alternate positions are applicable for the taxable years ending December 31, 1984 and December 31, 1985, unless otherwise stated in the particular numbered paragraph:

1. The partnership has not substantiated any or all items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the partnership is required to make with respect to an amount, the character of an

EXPLANATION OF ADJUSTMENTS

amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for purposes of furnishing information to a partner:

a. Contributions to the partnership; and

b. Distributions from the partnership.

2. The partnership incurred no bona fide debt and made no bona fide loans with respect to its trade or business of farming.

3. Under section 704 of the Internal Revenue Code and the Regulations thereunder, a partner may not deduct partnership losses exceeding his adjusted basis in the partnership. The partnership has not established that any of its partners signed any document or assumed the obligation contained in any document which purports to increase some or all of the partners share of the liabilities of the partnership under section 752(a) of the Internal Revenue Code and the Regulations thereunder. For instance, the assumption agreements signed by the limited partners are not includable in their adjusted partnership bases because it has not been established that they represent the assumption of bona fide partnership liabilities as required by the provisions of section 752 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 3 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of partners' bases which are partnership items.

4. No distributive shares of any losses from the partnership's activities are allowable because it has not been established that the partners are at risk in any amount for such activities at the close of the taxable periods ending December 31, 1984 and December 31, 1985, pursuant to the provisions of section 465 of the Internal Revenue Code and the Regulations thereunder. The only matters raised in this subparagraph 4 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the at risk determination which are partnership items.

5. The expenses claimed for organization of the partnership and syndication fees are not allowable because it has not been substantiated that the partnership has met all of the requirements of section 709 of the Internal Revenue Code and the Regulations thereunder for the deduction of all or part of said claimed expenses.

EXPLANATION OF ADJUSTMENTS

6. The partnership has not substantiated that it had either investment interest or investment income as those terms are defined in section 163(d) of the Internal Revenue Code and the Regulations thereunder. Therefore, the amounts of income claimed on the partnership's returns for the taxable periods ending December 31, 1984 and December 31, 1985, as investment income are not investment income. The only matters raised in this subparagraph 6 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of investment interest and investment income which are partnership items.

7. It has not been established that any corporation which purports to be a partner of the partnership actually was a partner in the partnership at any time during the taxable period(s) in question. Accordingly, any deferral of and adjustments to income that the partnership obtained because the partnership claimed a corporation as one of its partners is disallowed in full.

8. It has been determined that under section 752(b) of the Internal Revenue Code and the Regulations thereunder, a deemed distribution of money occured during the 1985 taxable year in the total amount of $3,757,554.00. Therefore, under section 731(a) of the Internal Revenue Code and the Regulations thereunder, gain shall be recognized by the partners to the extent that the distribution exceeds the adjusted bases of all of the partners' interests in the partnership immediately before the distribution. The only matters raised in this subparagraph 6 of this notice of final partnership administrative adjustment which are to be litigated at the partnership level are the components of the distribution of money and the gain to be recognized which are partnership items.

9. It has been determined that the partnership is not entitled to automatically change to the accrual method of accounting under section 447 of the Internal Revenue Code and the Regulations thereunder for the taxable period ended December 31, 1985. Because section 447 does not apply, the partnership must ask the Commissioner for permission to change its method of accounting. For the taxable period ending December 31, 1985, the partnership did not ask the Commissioner for permission to change its method of accounting from the cash basis method to the accrual method of accounting, and the Commissioner has not otherwise consented to permit the partnership to change its method of accounting from the cash basis method to the accrual method of accounting. Accordingly, the taxable income of the partnership for the taxable period ending December 31, 1985, is increased due to the recomputation of taxable income using the cash basis method of accounting.

EXPLANATION OF ADJUSTMENTS

10. It is determined that you have not established you own property that may be depreciated or if depreciable, what the depreciable basis in that property is. Accordingly, the entire amount of depreciation claimed as a deduction on your return is disallowed.

11. It has not been established that the fair market value(s) of the depreciable property claimed to be owned by the partnership is the amount claimed on the partnership's return for the taxable period ending December 31, 1985.

*****************

It is determined that the Tax Preference Item of qualified investment expenses is zero in leiu of the $4,762,115.00 and $998,848.00 reported on the partnership tax returns for the periods ending December 31, 1984 and December 31, 1985, since the expenses on which the tax preference item was based have been adjusted for the reasons stated above. Accordingly, tax preference items have been reduced $4,762,115.00 and $998,848.00.

*****************

It is determined that the Tax Preference Item of qualified investment income is zero in lieu of the $23,952.00 and $1,108,750.00 reported on the partnership tax returns for the periods ending December 31, 1984 and December 31, 1985, because the partnership has not substantiated that it had income that qualifies as investment income.

*****************

It is determined that for purposes of section 6229(c) of the Internal Revenue Code, a partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of the partnership returns each of which return includes a false or faudulent item for the taxable periods ending December 31, 1984 and December 31, 1985.

06/21/02

UNITED STATES TAX COURT
DOCKET ENTRIES

Docket No. 15037-91 INDEX

Oasis Date Associates, Frederick H. Behrens, Tax Matters Partner
v. COMMISSIONER OF INTERNAL REVENUE

| | | |
|---|---|---|
| Oasis Date Associates | MS0086 NO. 4 | (Service Attorney) Mather,Steven Ray<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |
| | KE0153 | Kajan,Elliott Hugh<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |
| | BK0089 | Barish,Kenneth M.<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |
| | SJ1899 | Silver,Jason Mark<br>Walker Silver, PLC<br>Suite 1100, Great Amer. Tower<br>3200 North Central Avenue<br>Phoenix, AZ 85012-2430 |
| Frederick H. Behrens | MS0086 NO. 4 | Mather,Steven Ray<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |
| | KE0153 | Kajan,Elliott Hugh<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |
| | BK0089 | Barish,Kenneth M.<br>Kajan,Mather & Barish<br>Suite 805<br>9777 Wilshire Blvd.<br>Beverly Hills, CA 90212-1968 |

(Continued to page 2)



| | | |
|---|---|---|
| | SJ1899 | Silver,Jason Mark<br>Walker Silver, PLC<br>Suite 1100, Great Amer. Tower<br>3200 North Central Avenue<br>Phoenix, AZ 85012-2430 |

Exhibit 4

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0001 | 07/10/91 | PF | PETITION Filed:Fee Paid | | R 07/12/91 | |
| 0002 | 07/10/91 | DPT | DESIGNATION of Trial at Washington, DC | | R 07/12/91 | |

B18

| | | | | | | |
|---|---|---|---|---|---|---|
| 0003 | 08/09/91 | NOE | NOTICE OF ELECTION TO PARTICIPATE by Harold G. & Belle W. Blaschke. C/S-Resp. | | P 08/22/91 | |
| 0004 | 08/22/91 | NOE | NOTICE OF ELECTION TO PARTICIPATE by Berry J. Galt, Jerome N. Lentini, Leonard G. Malone and Dennis C. & Beverly R. Thompson. C/S-Resp | | P 08/26/91 | |
| 0005 | 08/26/91 | MOTR | MOTION by resp. to ext. time to move or ans. to 9/9/91 & 9/24/91. (no obj) C/S | GR 08/30/91 | B 08/30/91 | |
| 0006 | 09/09/91 | JMOT | JT. MOTION re:procedure. | ORD 09/12/91 | | |
| 0007 | 09/12/91 | OAJ | ORDER that case is assigned to Judge Dawson. for statute of limitations issue only. Ans. due 10-1-91; Reply due 10-11-91. Resp. Mot. for partial summ. judg. due 11-25-91. | | B 09/13/91 | C |
| 0008 | 10/01/91 | ACS | ANSWER (C/S 09/30/91). | | | |
| 0009 | 10/11/91 | RCS | REPLY (C/S 10/11/91) | | | |
| 0010 | 10/24/91 | NCA | NOTICE of Change of Address for atty. Stuart E. Seigel. C/S | | | |
| 0011 | 11/14/91 | JMOT | JT. MOTION to cons. 15032-91, 15033-91, 15034-91, 15035-91, 15036-91, 15037-91, 15038-91, 15039-91, 15040-91, 15041-91, 15042-91, 15043-91, 15044-91, 15045-91, 15046-91, 15047-91, 15048-91, 15049-91, 15050-91, 15051-91, 15052-91, 15053-91, 15054-91, 15055-91, 15056-91, 15057-91, 15058-91, 15059-91, 15060-91, 20132-91 and 20133-91. | GR 11/20/91 | B 11/27/91 | C |
| 0012 | 11/26/91 | MOTR | MOTION by resp. for partial summary judgment. C/S (Affidavits att'd) | ORD 01/14/93 | | |
| 0013 | 11/26/91 | MEMO | MEMORANDUM OF LAW AND FACTS by resp. in support of motion for partial summary judgment. C/S | | | |
| 0014 | 11/29/91 | O | ORDER Petr. by 1/10/92 file response to mot. for partial summ. judg.; Resp. by 2/10/92 file reply to Petr. response. | | B 12/02/91 | C |
| 5 | 12/20/91 | O | ORDER Court's 11/29/91 Order is rescinded. | | B 12/23/91 | C |
| 0016 | 01/14/92 | STP | STIPULATION OF FACTS. w/Ex. | | | |
| 0017 | 01/31/92 | MOTP | MOTION by petr. to compel docu. & | | | |

(Continued to page 3)



| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | ans. Interr. w/Exh. C/S | ORD 04/21/92 | | |
| 0018 | 01/31/92 | MEMO | MEMORANDUM by petr. in support of mot to compel. C/S | | | |
| 0019 | 02/18/92 | MOTR | MOTION by resp. to have until 3/9/92 to file opposition to mot to compel. (N.Obj) | GR 02/20/92 | B 03/02/92 | C |
| 0020 | 03/09/92 | OBJ | OBJECTION by resp. to mot to compel. (Reply to discovery Memo att'd.) C/S | | | |
| 0021 | 03/24/92 | MEMO | MEMORANDUM by Petr. in response to Resp. obj. to mot. to compel. w/ex. C/S | | | |
| 0022 | 04/21/92 | O | ORDER petrs. by 5/29/92 file response to mot. for partial summ. judg.; resp. by 6/30/92 file reply to petrs. response. Mot to compel is Dn. | | B 04/23/92 | C |
| 0023 | 05/28/92 | MOTP | MOTION by petr. to extend time to 6/8/92 for response to mot. for partial summ. judgment. (N.Obj) C/S | GR 05/29/92 | B 06/01/92 | C |
| 0024 | 06/08/92 | MOTP | MOTION by petr. to strike improper portions of affidavits in support of resp. mot. for partial summary Judgement. (Appendix att'd.) C/S | ORD 01/12/93 | | |
| 0025 | 06/08/92 | MOTP | MOTION by petr. (Cross) for partial summary Judgment. w/Ex. & Memo. att'd. C/S | ORD 01/12/93 | | |

B19

0026 07/06/92 ATP AMENDMENT TO PETITION (resp's consent att'd.) R 07/07/92
0027 07/13/92 OBJ OBJECTION by resp. to cross mot. for partial summ. judg. C/S
0028 07/13/92 OBJ OBJECTION by resp to mot. to strike portions of affidavits. C/S
0029 07/13/92 MEMO MEMORANDUM by resp. in reply to memo. in opposition to mot. for partial summ. judg. & in support of petr. cross-mot. C/S (Per Judge)
0030 07/29/92 NCA NOTICE of Change of Address for atty-Leonard S. Roth. C/S
0031 08/10/92 MOT MOTION by certain participating partners to file memo. in opposition to mot. for partial summ. judg. & in support of Petr. cross mot. (Memo. Ld.) C/S ORD 09/25/92
0032 08/21/92 O ORDER Resp by 9-11-92 file response to mot. by Participants to file Memo. B 08/25/92 C

(Continued to page 4)



| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0033 | 08/25/92 | JMOT | JT. MOTION for special calendar. | ORD 09/25/92 | | |
| 0034 | 08/31/92 | A | ANSWER TO AMENDMENT TO PETITION by resp. (C/S 8/27/92) | | | |
| 0035 | 09/09/92 | NOBJ | NO OBJECTION by Resp to mot. by certain participation partner to file Memo. C/S | | | |
| 0036 | 09/25/92 | O | ORDER mot. for special calendar is Dn. | | B 09/25/92 | C |
| 0037 | 09/25/92 | O | ORDER resp. by 10-26-92 file suppl. stip. or mot. to correct stip. Resp. within 30 days after ruling with respect to suppl stip. or mot. to correct stip. file response to memo. in opposition to mot. for partial summ. judg. Mot. to file memo. to mot. for partial summ. judg. is Gr. | | B 09/25/92 | C |
| 0038 | 09/25/92 | MEMO | MEMORANDUM by certain participating partners in Opposition to mot. for partial summ. judg. & in support of petrs. cross-mot. | | B 09/25/92 | C |
| 0039 | 10/15/92 | MOTP | MOTION by petr. to file suppl. memo. of law in opposition to resp mot. for partial summ. judg. & in support of petrs. Cross-mot. (Suppl. memo. of law Ld) C/S | ORD 10/19/92 | | |
| 0040 | 10/19/92 | MEMO | MEMORANDUM OF LAW (SUPPLEMENTAL) by Petr. in Opposition to resp. mot. for partial summ. judg. & in support of petrs. Cross-mot. | | R 10/21/92 | |
| 0041 | 10/19/92 | O | ORDER resp. by 11-27-92 file response to petrs. suppl. memo. Mot. to file suppl. memo. is Gr. | | B 10/21/92 | C |
| 0042 | 10/26/92 | STP | STIPULATION OF FACTS (SUPPLEMENTAL). w/Ex. | | | |
| 0043 | 10/26/92 | MOTR | MOTION by resp. to Reform Stipulation of facts. w/affidavits att'd. C/S (Per Judge) | ORD 01/12/93 | | |
| 0044 | 11/06/92 | O | ORDER petr. by 11-25-92 file response to mot. to reform. | | B 11/09/92 | C |
| 0045 | 11/24/92 | MEMO | MEMORANDUM OF LAW by petr. in Opposition to mot. to reform. w/Ex. C/S | | | |
| 0046 | 11/27/92 | RESP | RESPONSE by Resp. to partners memo. filed 9/25/92 & Petr. suppl. memo. filed 10/19/92. (Serve Per Judge) | | P 12/07/92 | C |
| 0047 | 01/12/93 | O | ORDER Resp. mot. for partial summ. judg. & Petr. cross-mot. for partial summ. judg. are Dn. Mot. to reform stip. of | | B 01/14/93 | C |

B20

facts is moot. Mot. to
strike improper portions of affidavits is moot.
(Continued to page 5)



0048 02/19/93 MEMO MEMORANDUM OF LAW by petr. in opposition to separate trial on statute of limitations issues. C/S (Per Judge)

0049 03/18/93 RESP RESPONSE by resp. to memo. of law in opposition to separate trials. C/S (Per Judge)

0050 03/23/93 MOTP MOTION by petr. to file reply to response to memo. of law in opposition to separate trials. (Reply to response Ld.) (N.Obj) C/S — ORD 03/25/93

0051 03/25/93 O ORDER mot. for leave to file reply is Gr. — B 03/26/93 C

0052 03/25/93 R REPLY by petr. to resp's Response to petrs. memo. of law in opposition to separate trials. — R 03/26/93

0053 04/19/93 ORJ ORDER that case is reassigned to Judge Halpern. — B 04/20/93 C

0054 05/18/93 JMOT JT. MOTION for due date of 9/15/93 for filing of amendment to answer & due date of 11/15/93 for filing of reply to such amendment. — ORD 05/19/93

0055 05/19/93 O ORDER mot. to file amd. to ans. & reply is Gr. — B 05/20/93 C

0056 08/02/93 ATA AMENDMENT TO ANSWER (C/S 7/28/93)

0057 11/12/93 R REPLY by petr. amendment to ans. (C/S 11/12/93)

0058 01/12/94 O ORDER that the consolidation is severed. — B 01/13/94 C

0059 07/22/94 MOTP MOTION by petr. to reconsider the denial of petrs' mot. for partial summary Judgment. w/memo in support of mot., Exs. & attachments. C/S — ORD 09/02/98

0060 07/25/94 O ORDER resp. by 9/2/94 file response to mot. to reconsider the denial of mot. for summ. judgment. Petr. by 9/9/94 may file reply to resp's response. — B 07/26/94 C

0061 09/01/94 MOTR MOTION by resp. for recons. of the denial of resp. mot. for partial summ. judg. C/S — ORD 09/02/98

0062 09/01/94 MOTR MOTION by resp. for recons. of the mooting of mot. to reform stip. of facts. C/S — ORD 10/08/98

0063 09/01/94 MOTR MOTION by resp. to strike affidavits submitted in support of mot. for recons. of mhe denial of mot. for partial summ. judg. C/S — ORD 09/02/98

0064 09/01/94 MEMO MEMORANDUM by resp. in opposition to petr. mot. for recon. of — ORD 09/02/98
(Continued to page 6)



the denial of mot. for partial summ. judg. and in support of mot. for recons. of the denial of resp. mot. for partial summ. judg. & reformation of the stip. of facts. w/Exs. & Affidavit. C/S

0065 09/01/94 MOTR MOTION by resp. for lv. to file suppl. memo. in opposition to petr. mot. for recons. of mot for partial summ. judg. & in support of resp. mot. for recons. of mot. for partial summ. judg. C/S — ORD 09/02/98

0066 09/01/94 OBJ OBJECTION by Resp. to Petr's. Mot

for reconsideration. (C/S 9-1-94)

| | | | | | | |
|---|---|---|---|---|---|---|
| 0067 | 09/02/94 | MOTP | MOTION by petr. to compel documents. w/Exs. C/S | ORD 10/08/98 | | |
| 0068 | 09/09/94 | OP | OPPOSITION by petr. to mot. for recons. of mot. for partial summ. judg. C/S | ORD 09/02/98 | | |
| 0069 | 09/09/94 | RESP | RESPONSE by petr. to mot. for recons. of mot. to reform stip. of facts. C/S | | | |
| 0070 | 09/09/94 | RESP | RESPONSE by petr. to mot. to strike affidavits. C/S | ORD 09/02/98 | | |
| 0071 | 09/09/94 | R | REPLY by petr. to memo. in opposition to mot. for recons. of mot. for partial summ. judg. C/S | ORD 09/02/98 | | |
| 0072 | 09/12/94 | O | ORDER resp. by 9/22/94 file response to mot. to compel docu. | | B 09/13/94 | C |
| 0073 | 09/21/94 | O | ORDER time ext. to 9/23/94 for response to mot. to compel docu. | | B 09/23/94 | C |
| 0074 | 09/28/94 | OBJ | OBJECTION by resp. to petr's mot. to compel. (Leave Gr.) | | | |
| 0075 | 04/03/95 | MOTR | MOTION by resp. to Amend Answer. (2nd Am. to Ans. Ld.) C/S | ORD 05/12/95 | | |
| 0076 | 04/03/95 | MEMO | MEMORANDUM by Resp. In Support of mot. to amd. ans. C/S | | | |
| 0077 | 04/05/95 | O | ORDER petrs' by 5/5/95 file response to mot. to amd. ans. | | B 04/06/95 | C |
| 0078 | 05/02/95 | NCA | NOTICE of Change of Address for Atty. K. Peter Schmidt. C/S | | | |
| 0079 | 05/05/95 | OP | OPPOSITION by Petr. to mot. to Amend Answer (Second). C/S | | | |
| 0080 | 05/12/95 | O | ORDER mot. to amend answer is Gr. | | B 05/15/95 | C |
| 0081 | 05/12/95 | ATA | AMENDMENT TO ANSWER (SECOND). | | P 05/15/95 | C |
| 0082 | 07/05/95 | MOTR | MOTION by resp. to supplement resp's memo. in support of resp's mot. for partial summary Judgment. (Suppl. memo. in support of mot. for recons. of resp's mot. for partial summ. Judg. Ld) C/S (Per Judge) | ORD 09/02/98 | | |

(Continued to page 7)



| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0083 | 01/30/96 | MOT | MOTION by K. Peter Schmidt to withdraw for Jerome N. Lentini participant. (C/S 1/30/96) (N.Obj.-Resp.) | GR 07/31/96 | B 08/01/96 | C |
| 0084 | 01/30/96 | MOT | MOTION by K. Peter Schmidt to withdraw for Leonard G. Malone participant. (C/S 1/30/96) (N.Obj.-Resp.) | ORD 12/10/98 | | |
| 0085 | 02/12/96 | O | ORDER participating partners, as stated herein, by 3/15/96 file obj. to mots. to w/d. A copy of this order is served on petr., resp. & said participating partners only. | | B 02/15/96 | C |
| 0086 | 04/01/96 | EA | ENTRY OF APPEARANCE by Daniel L. Merriman for participant Leonard G. Malone. | | R 04/02/96 | |
| 0087 | 04/01/96 | MOT | MOTION by participant Malone to file opposition to mot. to withdraw. (Opposition Ld) (C/S 3/29/96) | ORD 10/29/98 | | |
| 0088 | 07/28/97 | NOT | NOTICE by Resp. of settlement under Rule 248 (c)(1) for Edward D. Dunn, Jr. & Frances S. Dunn, Harold G. Blaschke & Belle W. Blaschke & Barry J. Galt, Participants. (C/S 7-24-97) | | | |
| 0089 | 07/30/97 | OCA | ORDER that caption of case is amended. (R-to F 8-21-97-Jerome Lentini) | | B 07/31/97 | |
| 0090 | 11/03/97 | MDJ | MOTION by resp. to dismiss for LOJ as to Jerome N. Lentini & to change caption. w/Ex. (C/S 10/29/97) | ORD 11/04/97 | | |

B22

0091 11/04/97 O ORDER mot. to dismiss as to
Jerome Lentini is Gr. Caption B 11/06/97 C
is amended. (R-In-F 11-21-97 re: J. Lentini) (R-In-F
11/21/97:L.G. Malone)
0092 02/02/98 JMOT JT. MOTION to w/d certain pending
mots. & docu. relating thereto ORD 09/02/98
without prejudice. (C/S 2-11-98) (Per Judge)
0093 02/04/98 MOT MOTION by K. Schmidt to w/d for
Petr. (C/S 2-4-98) ORD 12/10/98
0094 02/23/98 O ORDER petr. by 3/16/98 file obj.
to mot. to w/d. (R-In-F B 02/27/98 C
11-16-98 as to Leonard Malone)
0095 02/27/98 MOTR MOTION by resp. to Supplement
Motion for reconsideration of GR 05/11/98 B 05/13/98 C
motion to reform original stipulation of facts.
(Supplemental Memorandum Lodged) (C/S 2-26-98) (Per Judge)
(R-Re-M 6-4-98 on Petr. L. Malone)
0096 04/10/98 O ORDER Parties by 4-29-98 file a
response to Resp's. Motion to B 04/16/98 C
supplement motion for reconsideration. (R-In-F 4-30-98 from
Petr.)

(Continued to page 8)

Docket No. 15037-91 (Continuation Page 8) 06/21/02

NO. DATE EVENT FILINGS AND PROCEEDINGS ACT/STAT DTE SERVED INDEX M

0097 05/11/98 SUPP SUPPLEMENTAL MEMORANDUM by Resp.
in support of mot for P 05/13/98 C
reconsideration filed 9-1-94. w/Exhs. (R-Re-M 6-4-98 for
Petr. L. Malone)
0098 05/13/98 MISC AMENDMENT TO MOTION by K. Peter
Schmidt to withdraw. (C/S
5-13-98) (Per Judge)
0099 07/31/98 MOTR MOTION by resp. to be relieved
nunc pro tunc of duty under ORD 11/24/98
Rule 248(c). w/Exhs. (C/S 7-30-98)
0100 09/02/98 O ORDER that Joint Motion filed
2-2-98 is granted in that B 09/03/98 C
certain motions & documents are withdrawn.
0101 09/02/98 O ORDER set 10-8-98 Washington,DC
Spec. for hearing on Resp's. B 09/03/98 C
9-1-94 Mot for reconsideration, Petr's. Mot to compel
documents, and Resp's. Mot to be relieved of duty under
Rule 248(c). Petr. & Participating Partners by
9-23-98 file an objection to mot to be relieved of duty.
0102 09/11/98 O ORDER by 10-6-98 K. Peter Schmidt
supplement his mot to withdraw B 09/14/98 C
0103 09/23/98 OBJ OBJECTION by Petr. to mot to be
relieved of duty under Rule
248(c). (C/S 9-23-98)
0104 09/28/98 NOT NOTICE by Resp. of settlement
under Rule 248(c) (1) for
Participant Dennis & Beverly Thompson. (C/S 9-25-98)
0105 10/02/98 RESP RESPONSE by Petr. & TMP to 9-2-98
order re:the hearing on
certain mots. (C/S 10-2-98)
0106 10/02/98 SUPL SUPPLEMENT by Att. Schmidt to mot
to withdraw. (C/S 10-2-98)
0107 10/02/98 MOT MOTION by Petr. & TMP to clarify
or recon. 9-2-98 order that w/d ORD 10/08/98
certain mots. & documents. (C/S 10-2-98)
0108 10/05/98 RESP RESPONSE by Resp. to 9-2-98 order
re:hrg. on certain mots. w/Ex.
(C/S 10-2-98)
0109 10/08/98 HEAR HEARING before Judge Halpern at ORD 11/24/98
Washington, DC
Resp's. 9-1-94 Mot to reconsider mooting-See order. Petr's.
9-2-94 Mot to compel docus.-See order. Resp's. 7-31-98 B23
Motion to be relieved of duty--CAV. Petr.
& TMP 10-2-98 Motion to clarify or reconsider-See order.
0110 10/08/98 O ORDER Resp's. 9-1-94 Motion for

reconsideration is denied. B 10/29/98 C
0111 10/08/98 O ORDER Petr's. 9-2-94 Motion to
compel docus. is denied. B 10/29/98 C
0112 10/08/98 O ORDER Petr. & TMP 10-2-98 Mot to
clarify or reconsider is denied B 10/29/98 C
(Continued to page 9)



in part and granted in part.
0113 10/29/98 O ORDER set 11/30/98 Washington, DC
on mots. to withdraw filed B 10/30/98 C
1/30/96 & 2/4/98 at time & date certain on 12/10/98. Mot.
by participant Malone to file opposition to mot. to w/d Gr.
0114 10/29/98 OP OPPOSITION by Participant Malone
to mot. to withdraw. B 10/30/98 C
0115 11/09/98 TRAN TRANSCRIPT of 10/8/98 rec'd.
(HEAR)
0116 11/13/98 JT JOINT REPORT filed w/Ex. (Per
Judge)
0117 11/24/98 O ORDER resp. mot. to be relieved
filed 7-31-98 is deemed moot. B 11/27/98 C
0118 12/10/98 HEAR HEARING before Judge Halpern at
Washington, DC
Stuart Seigel (specially recognized). Mots. to w/d filed
1/30/96 & 2/4/98 as amended & supplemented 5/13/98 &
10/2/98 -- See order
0119 12/10/98 O ORDER mot. to w/d filed 2/4/98,
as amended is Gr. Mot. to w/d B 01/05/99 C
filed 1/30/96 is deemed moot.
0120 01/07/99 TRAN TRANSCRIPT of Dec. 10, 1998
rec'd. (HEAR)
0121 03/25/99 MOTR MOTION by resp. to calendar case
for status report. w/Exh. (C/S ORD 06/04/99
3-24-99)
0122 05/14/99 MOT MOTION by Steven Mather for leave
to file NOEI for Frederick ORD 07/01/99
Behrens. (NOEI Ld) C/S 5/13/99
0123 05/18/99 MOTR MOTION by resp. for leave to
treat the request for GR 05/24/99 B 05/24/99 C
consistent settlement as a timely request for consistent
settlement under I.R.C. Sec. 6225(c)(2). w/Ex. (C/S
5/17/99)
0124 05/21/99 O ORDER Resp. & Petr. by 6/14/99
file objection to mot. to file B 05/21/99 C
NOEI.
0125 06/04/99 O ORDER set 10/4/99 Washington, DC
Spec. for trial. Motion to B 06/04/99 C
calendar is Dn.
0126 06/04/99 SPTO STANDING PRE-TRIAL ORDER attached
to Notice of Trial B 06/04/99 C
0127 06/15/99 NOBJ NO OBJECTION by Resp. to mot. to
file NOEI. (C/S 6/14/99) (Leave
Gr.)
0128 06/23/99 NOT NOTICE by Resp. of consistent
agreement under Rule 248 (c)(1)
(Continued to page 10)



for Petr. Leonard G. Malone. (C/S 6-22-99) (Per Judge)
0129 07/01/99 O ORDER proceedings stayed until
7-30-99. Mot filed 5-14-99 is B 07/01/99 C
granted. Frederick H. Behrens is substituted for Leonard G.
Malone. Caption is
amended. Notice of consistent agreement is filed as of
6-23-99.
0130 07/01/99 NOEI NOTICE OF ELECTION TO INTERVENE

B24

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX |
|---|---|---|---|---|---|---|
| | | | by Frederick H. Behrens. | | R 07/01/99 | |
| 0131 | 07/26/99 | STP | STIPULATION by resp. & TMP to be bound by 12532-90 Re: certain mots. C/S 7/23/99 (per Judge) | | | |
| 0132 | 08/20/99 | MOTR | MOTION by resp. to adopt test case procedure. w/Exh. (C/S 8-19-99) (Per Judge) | ORD 09/28/99 | | |
| 0133 | 08/26/99 | O | ORDER Petr., TMP and Participants by 9-7-99 file objection to motion to adopt test case procedure. | | B 08/26/99 | C |
| 0134 | 08/30/99 | OBJ | OBJECTION by TMP to Mot to adopt test case procedure. (C/S 8-27-99) | | | |
| 0135 | 09/14/99 | O | ORDER re:service of pre-trial documents. Petr. or Participant submit by 9-20-99 a request for service. | | B 09/14/99 | C |
| 0136 | 09/28/99 | O | ORDER motion to adopt test case procedure is denied. | | B 09/28/99 | C |
| 0137 | 10/04/99 | HEAR | HEARING before Judge Halpern at Washington, DC<br>Recalled 10-6 & 12-6-99. 12-6-99 Cont--No Order. | | | |
| 0138 | 10/06/99 | EA | ENTRY OF APPEARANCE for Jason M. Silver. (WAS) | | R 12/29/99 | |
| 0139 | 11/03/99 | TRAN | TRANSCRIPT of 10-4-99 rec'd. (Cal. Call) | | | |
| 0140 | 12/06/99 | STPB | STIPULATION to be bound by Dkt. No. 12530-90 (WAS) | | | |
| 0141 | 01/07/00 | HEAR | HEARING before Judge Halpern at Washington, DC<br>Called-Not Calendared. | | | |
| 0142 | 01/07/00 | MOTP | MOTION by petr. to file mot. for part. summ. judg. (Mot. & Memo. Ld.) (C/S 10-6-99) (WAS) | DN 01/07/00 | B 01/14/00 | C |
| 0143 | 01/14/00 | TRAN | TRANSCRIPT of 1-7-00 rec'd. (HEAR) | | | |
| 1 | 01/24/00 | STP | STIPULATION OF SETTLED ISSUES re: 1984 & 1985. | | | |
| 0145 | 03/06/00 | MOTR | MOTION by resp. to treat request for consistent settlement as | GR 03/08/00 | B 03/08/00 | C |

(Continued to page 11)



| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | timely re: Burke & Victoria Martin. w/Exs. (C/S 3/3/00) | | | |
| 0146 | 12/18/00 | JT | JOINT STATUS REPORT. (Per Judge) | | | |
| 0147 | 04/16/01 | MOTR | MOTION by resp. for entry of decision. (C/S 4-13-01) | GR 07/19/01 | B 07/19/01 | C |
| 0148 | 07/19/01 | DEC | DECISION ENTERED, Judge Halpern | | B 07/19/01 | C |