**No. 01-344 T**
(Judge Block)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ROBERT J. ISLER and SUSAN L. ISLER,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

# PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION OF THE UNITED STATES FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

THOMAS E. REDDING
TERESA J. WOMACK
SALLIE W. GLADNEY
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Robert J. Isler and Susan L. Isler

Plaintiffs Robert J. Isler and Susan L. Isler (the "Plaintiffs") respond to the Motion of the United States for Partial Dismissal of Plaintiffs' Complaint ("the government's motion") and request that the government's motion be denied. This Court has jurisdiction to address Plaintiffs' §6621(c) claim.

As will be addressed in detail in this brief, Defendant's motion is fundamentally flawed to the extent it rests on the following erroneous precepts:

(i) The government erroneously asserts that the settlements were partial settlements. They were in fact comprehensive settlements converting all partnership items to nonpartnership items and removing the Plaintiffs from the Tax Court proceedings. The subsequent Tax Court proceedings are irrelevant.

(ii) The government erroneously asserts this Court lacks jurisdiction based on the erroneous representation that Plaintiffs' claim requires a redetermination of partnership items. That is a patent misrepresentation of Plaintiffs' claim. Plaintiffs' claim requires only a consideration of the content of the FPAAs issued by the IRS, the content of the settlements they entered into, and the applicable law. Based on those settlements, the penalty interest provisions of §6621(c) are not applicable. Plaintiffs' claims do not require a re-opening or review of partnership items. Their claims are not attributable to partnership items. They are attributable to the erroneous applications of §6621(c) to the liabilities resulting from the agreed settlement.

The Plaintiffs entered into §6224(c) settlements with the IRS for 1984. Those settlements addressed only partnership items. Although this Court is barred from addressing refunds "attributable to partnership items" pursuant to 26 U.S.C. §7422(h), section 7422(h) does not deprive this Court of jurisdiction over the Plaintiffs' claims because (i) §6621(c) is not a partnership item, it is an "affected item," over which the Tax Court has no jurisdiction in a TEFRA partnership-level case and

this Court does have jurisdiction, (ii) the partnership item settlements were comprehensive, and by statute, for 1984, *could not* be "partial," (iii) the parties intended that the settlements be comprehensive as to partnership items and the IRS repeatedly represented to the Tax Court that settled partners were no longer parties to the partnership-level cases for any reason, (iv) for the tax years in issue, a partner cannot be bound to determinations made in a TEFRA partnership-level case after they settle their partnership items, (v) even if a partner could be bound to determinations made in a TEFRA partnership-level case after they settle their partnership items, the bases for the adjustments in the decisions cannot be imputed to the Plaintiffs' settlement adjustments because the amount of the adjustments were substantially different for the same partnership items, and (vi) even if the bases for the adjustments in the decisions could be imputed to the Plaintiffs' settlement adjustments they are not binding because they were not independent findings of the Tax Court, but rather resulted from a purported agreement between the IRS and TMP.

WHEREFORE, Plaintiffs respectfully request that the government's motion be denied in full.

Respectfully submitted,

July 17, 2006

/Thomas E. Redding /

Thomas E. Redding
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244 / (713) 621-5227 Fax
**ATTORNEYS FOR PLAINTIFFS**