No. 01-344 T
(Judge Lawrence J. Block)

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

ROBERT J. ISLER and SUSAN L. ISLER,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# REPLY BRIEF IN SUPPORT OF SUPPLEMENT TO MOTION TO DISMISS

EILEEN J. O'CONNOR
Assistant Attorney General

STEVEN I. FRAHM
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(202)307-6496
(202)514-9440 (facsimile)

**Page**

# TABLE OF CONTENTS

Defendant's reply brief in support of supplement to motion to dismiss . . . . . . . . . . . . . . . . . . . . 1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. The six-month period of limitation set forth in § 6230(c)(2)(A), not the two-year period of limitation set forth in § 6511(a), applies to plaintiffs' refund claims for tax motivated interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Section 6230(d)(6) prevents application of the two-year period of § 6511(a) . . . 3

B. As valid Treasury Regulations and binding Federal Circuit precedent provide, tax motivated interest is a computational adjustment, and thus the six-month period of limitation in § 6230(c)(2)(A) applies to plaintiffs' claims for refund of tax motivated interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II. Plaintiffs' due process and other contentions lack merit. . . . . . . . . . . . . . . . . . . . . . . . 13

III. Relationship of Supplement to Original Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

IV. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Page**

## TABLE OF AUTHORITIES

**Statutes:**

Tax Reform Act of 1986, Pub. L. No. 99-514, § 1875(d)(2)(A, C), 100 Stat. 2085, 2896, *reprinted in* 1986-3 C. B. 1, at 813. . . . . . 4
Title 26, U.S.C.:[1]
§ 6226 . . . . . . 15
§§ 6211-6216 . . . . . . 4
§ 6230 . . . . . . 1-8, 10-14, 16, 19
§ 6231 . . . . . . 3, 8-10, 14
§ 6511 . . . . . . 2-4, 6-7, 12, 13, 15
§ 6601 . . . . . . 9
§ 6621 . . . . . . 5, 9, 12, 16, 17
§ 7422 . . . . . . 12, 13, 18, 19

**Regulations:**

Treas. Reg. § 301.6221-1 (c, d) (2001) . . . . . . 16
Treas. Reg. § 301.6226(f)-1(a) (2001) . . . . . . 16
Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987) . . . . . . 2, 8

**Cases:**

*Brookstone Corp. v. United States*, Civ. A. No. H-91-3467, 1994 WL 621576 (S.D. Tex. 1994) . . . . . . 5, 6

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992) . . . . . . 7

*Field v. United States*, 328 F.3d 58 (2[nd] Cir. 2003) . . . . . . 12

*Field v. United States*, 381 F.3d 109 (2d Cir. 2004) . . . . . . 9

*Gitlitz v. Commissioner*, 531 U.S. 206 (2001) . . . . . . 7

---

[1] All statutory references to Title 26 of the United States Code are to the Internal Revenue Code of 1986, as in effect for the taxable year at issue or as in effect otherwise with respect to the facts of the present cases. Internal Revenue Code sections are referenced throughout the brief as "§ [section]."

*N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741 (1987) . . . . . . . . . . . . . . . . . . . . 6

*Odend'Hal v. Commissioner*, 95 T.C. 617 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Olson v. United States*, 37 Fed. Cl. 727 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . 2, 4, 8-10

*Russello v. United States*, 464 U.S. 16 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Woody v. Commissioner*, 95 T.C. 193 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Miscellaneous:**

Conf. Rep. No. 97-760 (1982), *reprinted in* 1982-2 C. B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
1989 IRS NSAR 9164, 1989 WL 1173044 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-344 T
Judge Lawrence J. Block

ROBERT J. ISLER and SUSAN L. ISLER,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

REPLY BRIEF IN SUPPORT OF SUPPLEMENT TO MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply to plaintiffs' opposition to defendant's supplement to its motion to dismiss plaintiffs' tax motivated interest claims.

INTRODUCTION

In the supplement to our motion to dismiss, *see Br.* [Doc. #115], we explained that the Court lacks jurisdiction over plaintiffs' claims for tax motivated interest, because they did not file claims for refund with the Internal Revenue Service ("IRS") within the jurisdictional deadline set forth in § 6230(c)(2)(A). Under that provision, when the IRS makes a computational adjustment to apply to a partner a settlement of partnership items, the partner has six months from the date the IRS mails the notice of adjustment to file a claim for refund, disputing the IRS' computation.[2]

[2] Plaintiffs' response devotes substantial space to explain why their tax motivated interest claims do not fall under § 6230(c)(1)(A)(i), which concerns a "computational adjustment necessary to make the partnership items on the partner's return consistent with the treatment of

The Federal Circuit has held that the imposition of tax motivated interest is indeed a computational adjustment. *See Olson v. United States*, 172 F.3d 1311, 1315 n.1, 1318 and n.2 (Fed. Cir. 1999); *see also* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987). Thus, plaintiffs' challenge to the imposition of tax motivated interest is a challenge to a computational adjustment, and a six month period to file a refund claim applies. Plaintiffs did not file their claims for refund within that period.

We went on to explain why the time to file a refund claim for tax motivated interest is not governed by the general period of limitation set forth in § 6511(a) – i.e., that a claim for refund must be filed within two years of the payment of tax. If the two year period could apply, the specific TEFRA six month period of limitation to contest a computational adjustment would be meaningless. Indeed, § 6230(d)(6) forbids such a perverse result. That statute, for the taxable years at issue in this case, explicitly precluded application of the two year period of § 6511(a) to claims for refund of affected items. Plaintiffs, in accord with Tax Court precedent, have already conceded that tax motivated interest is an affected item. Therefore, plaintiffs' claims for refund of tax motivated interest fall within the plain language of § 6230(d)(6), and the two year limitations period has no application to this case.

In their opposition, plaintiffs nevertheless argue that the two year, not the six month, statute of limitations applies. On that basis, they conclude that their claims for refund of tax motivated interest are timely. As explained below, plaintiffs are disregarding binding Federal

---

the partnership items on the partnership return." But we have never invoked § 6230(c)(1)(A)(i); rather, we contend that § 6230(c)(1)(A)(ii) fits plaintiffs' claims. That provision concerns a "computational adjustment necessary to apply to the partner a settlement. . . .", and is subject to the six month period of § 6230(c)(2)(A), contrary to plaintiffs' erroneous assertion that the period applies only to claims under § 6230(c)(1)(A)(i), *see Resp.* [Doc. #117] at 4.

Circuit precedent, unambiguous statutory language, and valid treasury regulations. Likewise, in arguing that their approach protects their due process rights, plaintiffs ignore their own facts and instead pose hypothetical fact patterns that are not before the Court.

**I. The six-month period of limitation set forth in § 6230(c)(2)(A), not the two-year period of limitation set forth in § 6511(a), applies to plaintiffs' refund claims for tax motivated interest.**

**A. Section 6230(d)(6) prevents application of the two-year period of § 6511(a).**

As summarized *supra*, § 6230(d)(6) explicitly precludes the application of the two year period of § 6511(a) to claims for refunds of affected items, which includes plaintiffs' refund claims for tax motivated interest. Plaintiffs, however, insist that § 6230(d)(6) only bars application of the two year period to computational affected items, not "substantive affected items," that is, "affected items which require partner level determinations," § 6230(a)(2)(A)(i).[3] Contending that tax motivated interest is a substantive affected item, plaintiffs conclude that the two year period may apply to their refund claims.

The term "affected item" is defined to mean "any item to the extent such item is affected by a partnership item." § 6231(a)(5). The definition is all encompassing - it does not distinguish between different types of affected items.

Likewise, § 6230(d), as in effect for the taxable years at issue, unambiguously barred application of the two year period of § 6511(a) to refund claims contesting *any* affected item:

---

[3] Section 6230(a)(1-2), as in effect for the taxable year at issue, read in pertinent part:

(1) In general.– Except as provided in paragraph (2), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.
(2) Deficiency proceedings to apply in certain cases.–
(A) Subchapter B shall apply to any deficiency attributable to–
(i) affected items which require partner level determinations. . . .

> Subchapter B of chapter 66 (relating to limitations on credit or refund) shall not apply to any credit or refund of an overpayment attributable to a partnership item (or an affected item).

§ 6230(d)(6). "Subchapter B of chapter 66" – i.e., sections 6511 through 6515 – includes the two year period, and § 6230(d)(6) uses the all encompassing term "affected item," without qualification.

The history underlying the statutory scheme highlights that Congress was quite deliberate in using the term "affected item" without limitation in § 6230(d)(6). After enacting § 6230(d)(6) in 1982 as part of TEFRA, Congress amended § 6230(a) in 1986, via technical correction.[4] The amendment to § 6230(a) singled out substantive affected items ("affected items which require partner level determinations") for special treatment in connection with deficiency procedures, which are not at issue here. *See* § 6230(a)(2)(A)(i).[5]

Congress, however, made no corresponding amendment to § 6230(d)(6), leaving intact the all inclusive term "affected item" for purposes of the limitations period. The deliberate contrast within a single section of a unified statutory scheme can only mean that an "affected item" in § 6230(d)(6) refers to all affected items, not just computational ones. *See e.g. Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one

---

[4] *See* Tax Reform Act of 1986, Pub. L. No. 99-514, § 1875(d)(2)(A), 100 Stat. 2085, 2896, *reprinted in* 1986-3 C. B. 1, at 813. The amendment applies as if included in TEFRA in 1982. *See id.* § 1875(d)(2)(C).

[5] In § 6230(a)(2)(A)(i), substantive affected items are "affected items which require partner level determinations" and are subject to deficiency procedures. Accordingly, the Federal Circuit, among others, has recognized two types of affected items in relation to deficiency procedures (but not the limitations period): 1) computational affected items that are not subject to the deficiency procedures of subchapter B of chapter 63, §§ 6211-6216; and 2) substantive affected items, those that require a non-computational factual determination at the partner level and thus are subject to those deficiency procedures. *See Olson*, 172 F.3d at 1317-18.

section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quotation omitted).

Plaintiffs row against this statutory scheme. They argue instead that this Court should follow *Brookstone Corp. v. United States*, Civ. A. No. H-91-3467, 1994 WL 621576, at *4-5 (S.D. Tex. 1994). As an initial matter, the district court in *Brookstone* did not hold that tax motivated interest is a substantive affected item, or that the two year statute applies to a claim for tax motivated interest. In fact, the opinion in *Brookstone* makes no mention of tax motivated interest or former § 6621(c), much less rules that tax motivated interest is a substantive affected item.[6]

The limited holding of the district court in *Brookstone* – that § 6230(d)(6) applies only to computational affected items – is faulty. The opinion fails to recognize that, while Congress singled out substantive affected items for special treatment with respect to deficiency notice procedures, it did not do so in § 6230(d)(6), when it addressed the applicable limitations period. As noted above, § 6230(d)(6) applies to *all* affected items. The court instead leaped from the

---

[6] Thus, plaintiffs' repeated characterization of the holding of the case is inaccurate: "The *Brookstone* court further held that claims for refund of §6621(c) penalty interest are not subject to the §6230(c)(2)(A)(i) six-month period of limitations for filing a §6230(c)(1)(A)(i) claim, but are subject to the standard period for filing refund claims set out in §6511(a)." *Resp.* [Doc. #117] at 2; *see also id.* at 16-17 ("The *Brookstone* court also agreed that the Plaintiffs' §6621(c) claims in that case were based on substantive affected items and did not challenge the IRS's computation of the change in tax liability as a result of the settlement and were, consequently not subject to the §6230(c)(2)(A)(i) six-month period for filing a refund claim."). Similarly, plaintiffs' intimation that the Fifth Circuit's affirming *Brookstone* endorsed the district court's view of § 6230(d)(6) is forced. *See Resp.* [Doc. #117] at 15. The appellate disposition was a one word affirmance without opinion of the lower court's judgment in favor of the United States. *See Brookstone Corp. v. United States*, 58 F.3d 637 (Table) (5th Cir. 1995).

fact that substantive affected items are subject to normal deficiency procedures to the unsupported conclusion that therefore the normal refund claim provisions must apply:

> Just as a substantive affected item is subject to the non-TEFRA deficiency procedure set out in section 6230(a), so the non-TEFRA refund procedure must also apply. To hold otherwise would be to treat a substantive affected item as a "computational adjustment" within section 6230(c)(1)(A), which the courts and Code have rejected. *See, e.g.*, *Woody*, 95 T.C. at 202; *N.C.F. Energy*, 89 T.C. at 744.

*Brookstone*, 1994 WL 621576, at *5. The premise is false and not supported by the Tax Court's decisions in *Woody* or *N.C.F. Energy*. Those decisions simply note, in accord with Congress' statutory scheme, that deficiency procedures apply to substantive affected items but not computational ones. Contrary to the *Brookstone* court's view, maintaining the same refund claim procedures for both substantive and computational affected items does nothing to collapse the distinction between the two for purposes of deficiency procedures. To the contrary, it upholds Congress' design: all affected items are governed by the same refund claim procedures, and substantive affected items are also governed by standard deficiency procedures.

Moreover, the premise of *Brookstone* – that the § 6511(a) statute of limitations should apply to substantive affected items because non-TEFRA deficiency procedures apply – is absent here. As plaintiffs concede, tax motivated interest is not subject to non-TEFRA deficiency procedures. *See Resp.* [Doc. #117] at 19.

There also is no reason to treat plaintiffs' claim for tax motivated interest as a substantive affected item, rather than a computational affected item. The tax motivated interest at issue in this case is not a substantive affected item, but a computational one. *See Br.* [Doc. #115] at 5 n.4. No non-computational, factual determinations at the partner level were necessary to assess tax motivated interest against plaintiffs. Once it had been determined (at the partnership level)

that the partnership transactions giving rise to plaintiffs' disallowed partnership deductions were shams, the IRS needed only to compute the resulting tax underpayment, note whether it exceeded $1,000, and, if so, perform the arithmetic to compute interest at the higher tax motivated rate. Contrary to plaintiffs' position, the partner's individual profit motive is irrelevant here. *See Reply* [Doc. #113] at 22-31.

Finally, plaintiffs also point the Court to a vague passage of legislative history, which they claim "clearly contemplated that refund claims would be filed after payment of TEFRA related tax deficiencies pursuant to the standard §6511(a) refund period." *See Resp.* [Doc. #117] at 18. As there is nothing ambiguous about the statutory scheme discussed above, there is no need to even resort to this legislative history. *See Gitlitz v. Commissioner*, 531 U.S. 206, 220 (2001); *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). § 6230(d)(6) clearly precludes application of § 6511(a) to refund claims contesting affected items. In any event, the passage cited by plaintiffs is difficult to understand, and they offer no analysis, only the conclusory statement just quoted. The passage may be understood as permitting a partner to raise, in a refund claim filed on the normal schedule, a tax return item that is untouched by a computational adjustment, but which, had the effects of the computational adjustment been known at the time the partner filed the return, could have been used to reduce the partner's tax liability for that year. *See* Conf. Rep. No. 97-760, at 611 (1982), *reprinted in* 1982-2 C. B. 600, at 668. It seems odd to interpret the passage, as plaintiffs do, to permit challenges to a computational adjustment, in a refund claim filed on the normal schedule, as such challenges are

already provided for by TEFRA provisions, including § 6230(c).[7]

**B. As valid Treasury Regulations and binding Federal Circuit precedent provide, tax motivated interest is a computational adjustment, and thus the six-month period of limitation in § 6230(c)(2)(A) applies to plaintiffs' claims for refund of tax motivated interest.**

In their effort to avoid the six-month limitations period, plaintiffs contend that neither interest nor tax motivated interest is a "computational adjustment" as defined in § 6231(a)(6). They argue that the contrary view expressed in the Treasury Regulations impermissibly broadens the statutory definition of the term. They also argue that the Federal Circuit's contrary holding in *Olson* was dictum. Having set aside these contrary authorities, plaintiffs conclude that their tax motivated interest claims do not fit within § 6230(c)(1)(A)(ii) as claims that the IRS "erroneously computed any computational adjustment necessary to apply . . . a settlement . . . ." According to plaintiffs, § 6230(c)(1)(A)(ii) encompasses only mathematical errors and not their claim "that the IRS improperly applied the §6621(c) rate at all." *Resp.* [Doc. #117] at 8.

Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987), applicable here, unambiguously includes *any* interest charge within the statutory definition of "computational adjustment":

> A computational adjustment includes any interest due with respect to any underpayment or overpayment of tax attributable to adjustments to reflect properly the treatment of partnership items.

Plaintiffs are simply wrong when they assert that such inclusions fall outside the scope of

---

[7] Plaintiffs overstate the content of an IRS' 1989 non docketed service advice review (which, in any event, may not be used or cited as precedent). Plaintiffs say the document concluded that tax motivated interest is "subject to the standard §6511(a) period for filing a refund claim. . . ." *Resp.* [Doc. #117] at 21. Rather, the document was not so firm: "we now think that the taxpayer may be able to pursue a refund claim as to the assessed and paid interest pursuant to . . . sections 6511 and 7422," and footnoted the statement with the proviso "[e]ven if it is determined that the taxpayer may not be able to pursue a refund claim as to the assessed and paid interest under section 6621(c). . . ." *See* 1989 IRS NSAR 9164, 1989 WL 1173044.

regulatory power. § 6231(a)(6) defines "computational adjustment" as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." By statute, the phrase "tax liability" also means § 6601 "interest liability." *See* § 6601(e)(1) ("Any reference in this title . . . to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."). And § 6621(c) tax motivated interest is § 6601 interest due with respect to an underpayment. *See* § 6621(c) (1988) (repealed); *Field v. United States*, 381 F.3d 109, 111-12 (2d Cir. 2004); *Odend'Hal v. Commissioner*, 95 T.C. 617, 620 (1990). In other words, the regulation simply reflects the statute.

Relying on the regulation, the Federal Circuit in *Olson* held that interest, including tax motivated interest, is a "computational adjustment." The question before the appellate court was whether the IRS improperly assessed tax, interest, and penalties without first issuing notices of deficiency. *See Olson*, 172 F.3d at 1316 ("On appeal the taxpayers argue solely that the Court of Federal Claims erred because, without notices of deficiency, the tax, interest and penalties were improperly assessed and should therefore have been refunded."). The interest at issue was interest assessed at the higher tax motivated rate. The Court concluded that, because the tax, interest, and penalties resulted from computational adjustments, "no notices of deficiency were required. . . ." *Id.* at 1319. In so holding, the Federal Circuit addressed each item one by one, interest first, penalties second, and tax third. *See id.* at 1318. With respect to interest:

> We are not persuaded that any form of non-computational determination was required to determine the amount of taxes, interest, and penalties to be assessed for these earlier and later years. As an initial matter, the regulations set forth that interest is to be included as a computational adjustment,[2] *see* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b). . . .
>
> [2] No doubt, that is why the Court of Federal Claims vacated that part of its decision of April 21, 1997, to the contrary. *See* note 1, *ante*.

> [1] The Court of Claims's April opinion stated that, absent a waiver, a notice of deficiency is required to assess interest under I.R.C. § 6621(c). . . . On May 7, 1997, however, the court granted the government's motion to delete that part of the opinion making that assertion. . . .

*Olson*, 172 F3d. at 1318 and n.2, 1315 n.1. Thus, the Federal Circuit asked whether a notice of deficiency must issue prior to the assessment of tax motivated interest. It answered in the negative on the grounds that interest is a computational adjustment. There is no basis to characterize the appellate court's opinion in this regard as dictum.

Having established that tax motivated interest is a computational adjustment as defined in § 6231(a)(6), the next step is to ask how a taxpayer challenges a computational adjustment made to apply a partnership item determination. The answer is supplied by § 6230(c)(1)(A)(ii), which permits a refund claim where the IRS:

> erroneously computed any computational adjustment necessary to apply to the partner a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228. . . .

§ 6230(c)(1)(A)(ii). Plaintiffs wish to cabin the language to allow only challenges to mathematical errors, such as created by a slip of the finger on a calculator. But the language Congress used is not so limited. Had Congress intended plaintiffs' interpretation, it would have employed language such as "mathematical error" or "correction," as it did just one subsection before to connote such meaning. *See* § 6230(b)(1) ("Section 6225 shall not apply to any adjustment necessary to correct a mathematical or clerical error (as defined in section 6213(g)(2)) appearing on the partnership return.").

Rather, the language is broad enough to encompass not only mathematical and clerical errors, but also non-math based errors made in computing "computational adjustments" to apply a partnership item determination to a partner. As discussed above, a "computational adjustment"

is defined as "the change in the tax [or interest] liability of a partner which properly reflects the treatment under this subchapter of a partnership item" and includes interest at the regular or tax motivated rate. The language of § 6230(c)(1)(A)(ii) therefore permits refund claims on the grounds that the IRS erroneously computed the change in the interest liability of a partner, because the change did not reflect the treatment of a partnership item at the partnership level, for example, disallowance of partnership losses. An interest computation that properly reflects a partnership item determination can include more than mechanical calculations. If, for example, partnership losses are disallowed at the partnership level because derived from sham transactions, the subsequent partner level computation, to properly reflect such disallowance, must first compute the partner's tax underpayment, and, if such underpayment exceeds $1,000, must second compute interest on the underpayment at the tax motivated rate. Any other computation would be error, as it would not properly reflect the treatment of partnership losses at the partnership level.[8]

---

[8] The Court of Federal Claims, at the trial level in *Olson*, reached a similar conclusion regarding the breath of the language in § 6230(c)(1)(A)(ii). In view was a hypothetical fact pattern, under which the IRS, when applying a partnership level disallowance of a credit, misidentifies a partner level carryback or carryover arising from the credit. The partner is assessed tax in a carryback or carryover year, even though the disallowed carryback or carryover had nothing to do with the disallowed partnership credit. The Court of Federal Claims explained that, in this context (which does not include mathematical error), the taxpayer's remedy lies under § 6230(c)(1)(A)(ii):

> This equity based-argument overlooks what are, in fact, the existing procedures under TEFRA regarding computational errors committed by the IRS in making computational adjustments to a partner's return. Under § 6230(c), a partner may file a refund claim on the grounds that the IRS 'erroneously computed any computational adjustment' necessary to apply a partnership-level determination to the partner. This standard is broad enough to encompass situations in which a taxpayer alleges that the IRS has incorrectly identified the source of a disputed carryback or carryforward.

(continued...)

§ 6230(c)(1)(A)(ii) fits plaintiffs' claims like a glove. They challenge the IRS' use of the higher tax motivated interest rate (instead of the regular interest rate) to compute the interest owed on tax underpayments attributable to partnership item settlement agreements. They contend that the IRS erred in using the higher rate because their settlement agreements do not support it. Specifically, they claim that their settlement agreements do not attribute the losses disallowed in them to sham transactions, and thus that there is no basis for assessing tax motivated interest on any underpayment resulting from the disallowance. In sum, plaintiffs claim that the IRS erroneously computed the change in their interest liability, because its use of the tax motivated rate did not properly reflect the treatment of their partnership losses under their settlements. This claims falls squarely within § 6230(c)(1)(A)(ii).

It is noteworthy that no other refund claim provision fits (as set forth above, § 6511(a) cannot apply), and no deficiency notice is required to assess tax motivated interest. No doubt this scheme was intentional, as §§ 6230(c)(1)(A)(ii) and (c)(2)(A) provide plaintiffs and others similarly situated with an adequate avenue of redress. As noted in our opening brief, if a taxpayer really did not agree to the assessment of tax motivated interest in a settlement agreement, six months is ample time to recognize the erroneous computation and protest. Plaintiffs failed to satisfy the threshold six month requirement.[9]

---

[8] (...continued)
*Olson v. United States*, 37 Fed. Cl. 727, 735-36 (1997).

[9] Plaintiffs also rely on *Field v. United States*, 328 F.3d 58, 59 n.2 (2nd Cir. 2003) to contend that their tax motivated interest claims do not fall under § 6230(c). In *Field*, the Second Circuit held that tax motivated interest assessed under former § 6621(c) is not a partnership item - a holding with which we agree - and therefore that a refund suit for its recovery was not barred by § 7422(h). It remarked in a footnote that the taxpayers did not seek a refund pursuant to one (continued...)

## II. Plaintiffs' due process and other contentions lack merit.

Plaintiffs contend that due process is offended, if the six month limitations period of § 6230(c)(2)(A) applies to a claim for refund of tax motivated interest when computing adjustments to apply partnership level determinations. To support their thesis, plaintiffs propound two hypothetical fact patterns at odds with the record facts before the Court. We address each in turn.

First, plaintiffs conjecture, because the six month period of § 6230(c)(2)(A) runs from "the day on which the Secretary mails the notice of computational adjustment" and the IRS may assess interest as late as the time permitted for collecting the underlying tax liability, the IRS could delay the actual assessment of tax motivated interest until after the six month period has ended. Plaintiffs conclude from this hypothetical that the two year period of § 6511(a) (measured from the time the tax is paid) must apply to an erroneous assessment of tax motivated interest.

There is no factual support for plaintiffs' first hypothetical. In fact, the IRS assessed tax motivated interest within the six month period. The IRS mailed the Islers notice that their underpayment was subject to interest computed at the higher tax motivated rate in September

[9] (...continued)
of the exceptions to the bar of § 7422(h), namely, § 6230(c). Given the holding, the remark was irrelevant. For if the interest was not a partnership item, then, according to the Second Circuit, § 7422(h) presented no bar to the claim. Thus, whether an exception to the bar applied was irrelevant. The truncated and irrelevant nature of the remark make it an insufficient basis on which to conclude tax motivated interest claims fall outside the purview of § 6230(c).

(We note that the Second Circuit also did not address whether a refund suit for tax motivated interest would be barred by § 7422(h), if it was based in particular on changing a partnership item determination, for example, if the suit sought a change in a partnership item component of a tax motivated interest analysis.).

1997, and, within six months thereof (i.e., in September 1997) assessed tax motivated interest. *See e.g. Resp.* [Doc. #70] ¶¶ 21, 25; *Mot.* [Doc. #57] App. B, Vol. 1, Ex. 1 at 20, 24-27; *Resp.* [Doc. #117] Exs. A, B.[10]

Second, plaintiffs hypothesize that six months is an insufficient period of time for most to liquidate assets and pay assessed tax motivated interest before filing a refund claim. Plaintiffs emphasize the difficulty increases in severity to the extent the interest assessment follows commencement of the six month period.[11] Plaintiffs' second hypothetical also lacks any factual support here. Plaintiffs paid all assessments, tax and interest at the higher rate, by September 29, 1997, prior to expiration of the six month period. Indeed, plaintiffs did so with an advance remittance posted close to two years in advance of the assessments. Plaintiffs paid the

---

[10] In addition, plaintiffs' argument is premised on a false legal assumption, that the date of assessment is relevant to the commencement or expiration of the six month period. Congress focused on notice, not assessment. That the IRS might assess after expiration of the six month period is legally irrelevant. Rather, what Congress requires for the six month period to commence is mailing of notice to a partner of a "computational adjustment." As in effect for the taxable years at issue, the six month statutory period reads:

> Any claim under paragraph (1)(A) shall be filed within 6 months after the day on which the Secretary mails the notice of computational adjustment to the partner.

Section 6230(c)(2)(A). The partner must be apprised via mail of a "computational adjustment," which is defined in § 6231(a)(6). Thus, for the six month period to begin, the statute requires the IRS to mail to a partner notice of "the change in the tax [or interest] liability of a partner which properly reflects the treatment . . . of a partnership item," § 6231(a)(6). This is all the statute requires, and there is no mention of assessment. The concept is clear. To contest a computational adjustment, a partner must be aware of the changes the adjustment makes in the taxpayer's tax and interest liability. Once notified, the partner may pay the computed tax and applicable interest and file a refund claim challenging the computation as erroneous. The partner must do so within the six month period prescribed by Congress. It is not required that the IRS assess the partner based on the computation before the six month period ends.

[11] Plaintiffs' second hypothetical also incorporates their erroneous view that the date of assessment is relevant to the commencement or expiration of the six month period.

September 1997 assessments with an advance remittance posted to their tax account in November 1995. *See e.g. Resp.* [Doc. #70] ¶¶ 16, 25, 26; *Resp.* [Doc. #117] Ex. B.

In addition to lack of factual support, plaintiffs' liquidity argument lacks legal merit. Congress' statutory scheme provides for a six-month period of limitations and any suggestion that the period should not apply when a taxpayer has difficulty obtaining funds to make payment should be addressed to Congress and is not the province of this Court. Indeed, where Congress permits equitable considerations to override jurisdictional deadlines, it does so explicitly. *See e.g.* § 6226(e) (jurisdictional deposit requirement subject to cure where good faith attempt and timely correction); § 6511(h) (1998) (suspension of refund claim periods of § 6511(a-c) during period taxpayer is "financially disabled").

Moreover, plaintiffs' attempt to distinguish a short refund claim period for tax motivated interest claims from those for other purposes is unconvincing. Plaintiffs assert that paying significant tax and interest liabilities and filing a refund claim within a six month period is different than paying the liabilities that result from a mathematical error and filing a refund claim in the same time. But plaintiffs offer no basis for this assumption. Indeed, a mathematical error could result in a liability as large, or even larger, than liabilities arising for other reasons. Plaintiffs also assert that the six month period for filing a refund claim for erroneous imposition of penalties, additions to tax, and additional amounts (in effect for partnership tax years ending after August 5, 1997) is distinguishable, because in a prior partnership proceeding a partner could have raised "a partner's defenses." *See Resp.* [Doc. #117] at 22. But plaintiffs' distinction is based on a false premise. A partner may not raise individual partner defenses in a prepayment partnership proceeding. Rather, a partner may raise such defenses only in a partner level

proceeding following the partnership level one. *See* § 6230(c)(4); *see also e.g.* Treas. Reg. § 301.6221-1 (c, d) (applicable to partnership taxable years beginning on or after October 4, 2001), § 301.6226(f)-1(a) (same).

Finally, plaintiffs challenge the effectiveness of the notice of computational adjustment the IRS mailed to them. They vaguely claim that the notice of computational adjustment was misleading, and they therefore would not have known that the IRS subsequently assessed tax motivated interest on the underpayment set forth in the notice. *Compare Resp.* [Doc. #117] at 23 (". . . Pursuant to a Misleading Notice of Computational Adjustment") *with id.* at 24 ("As the attached calculations illustrate, a lay taxpayer, such as the Islers, would not have been able to calculate the interest due on the $4,990.00 tax assessment and would have had no idea that the IRS had assessed interest at the §6621(c) TMT penalty rate or whether ir (sic) was correct"). Plaintiffs state further to support their thesis that the notice was misleading:

> "[the notice] was silent regarding interest and did not include any proposed assessment of §6621(c) TMT interest."; "[t]he IRS (sic) not disclose to the Islers the amount of interest or §6621(c) TMT penalty interest it proposed to assess against them in the Form 4549. The IRS also did not notify the Islers that it did actually assess §6621(c) interest against them at the time it applied their 1995 remittance and sent them a refund."; "The failure to disclose the proposed §6621(c) TMT assessment on the Form 4549, combined with the complete lack of subsequent notice that it had actually assessed interest at the greater §6621(c) penalty rate and the amount of that assessment was misleading and deprived the Islers of the any real opportunity to file a refund claim within the too short six-month limitations period the government urges this Court to adopt."

*Resp.* [Doc. #117] at 23-25.

The undisputed facts demonstrate, however, that the notice of computational adjustment mailed to plaintiffs was not misleading and advised them of their liability for tax motivated interest. *See e.g. Resp.* [Doc. #117] *Ex. A*; *Resp.* [Doc. #70] ¶¶ 16, 21, 25, 26. In early September 1997, the IRS mailed plaintiffs a notice of computational adjustment, explaining how

their partnership item settlements affected their 1984 income tax return. The notice explicitly notified plaintiffs that (1) because they owed additional tax, they would "receive a bill for the additional tax and interest"; (2) their underpayment had been computed as $4,990, and all of it was attributable to tax motivated transactions and thus subject to interest at the tax motivated rate; (3) tax motivated interest "will accrue and be assessed at 120% of the underpayment rate in accordance with IRC 6621(c)" on the entire $4,990; (4) the 120% rate was an annual interest rate; and (5) the IRS "adjusted your return in accordance with the partnership return, which has also been examined". Shortly after that, on September 29, 1997, the IRS assessed the $4,990 underpayment and interest totaling $11,682.06 computed at 120% of the underpayment rate in accordance with IRC 6621(c).[12]

In sum, the notice advised plaintiffs of the changes in their 1984 tax and interest liability resulting from partnership level determinations, including their liability for tax motivated interest. It notified plaintiffs that, as a result of partnership level proceedings, there was a change in their 1984 tax liability in the amount of $4,990 and that, because the underpayment was attributable to tax motivated transactions, they would owe interest, as provided by law, on that amount at an annual rate of 120% of the underpayment rate. If plaintiffs disagreed that the changes properly reflected their partnership level settlements, they had notice and sufficient time to contest the changes, especially since plaintiffs are disputing the imposition of tax motivated

---

[12] Plaintiffs' counsel makes various assertions regarding IRS practice regarding notices and interest, none of which are supported by any citations, documentary references, or an affidavit. *See Resp.* [Doc. #117] at 23-25. As unsubstantiated argument of counsel, they should be disregarded. In any event, these assertions are irrelevant, since the facts here demonstrate that plaintiffs received a notice of computational adjustment that unequivocally advised them that they were liable for tax motivated interest.

interest, rather than the IRS mathematical computations. The IRS's subsequent September 1997 assessments simply reflect what plaintiffs had already been told.[13]

## III. Relationship of Supplement to Original Motion

Plaintiffs argue that our original motion to dismiss and our additional/alternative ground for dismissal present "mutually exclusive" claims. *See Resp.* [Doc. #117] at 3. Plaintiffs are mistaken. The original motion relies on the proposition that the determination of a partnership item may not be disturbed in a partner level proceeding. The same proposition applies to our additional ground.

Our original motion explained that § 7422(h) bars plaintiffs' tax motivated interest claims, because, to be granted, the Court would have to change the determination of a partnership item – namely, that the partnership transactions were shams. This sham determination then becomes a major component of the determination that individual partners, such as plaintiffs, are liable for tax motivated interest. Section 7422(h) prohibits a court from altering a partnership level determination – in this case a ruling that partnership transactions were shams – in a partner level proceeding.[14]

---

[13] Indeed, after application of plaintiffs' November 1995 advance remittance of $16,717 to the September 1997 assessments ($4,990 tax and $11,682.06 interest), the IRS sent plaintiffs a refund of $44.94. *See Resp.* [Doc. #117] at 24; *Resp.* [Doc. #70] ¶¶ 16, 25, 26. As plaintiffs obviously knew the amount they remitted to the IRS and as the notice of computational adjustment explicitly notified plaintiffs that they would be assessed a tax underpayment of $4,990 and interest on the underpayment at the tax motivated rate, plaintiffs, upon receipt of the refund, not only knew they had been assessed tax motivated interest but also the exact amount of the interest assessment.

[14] Plaintiffs concede this general principle. *See Resp.* [Doc. #117] at 20 ("While the underlying partnership item determinations necessary to apply the §6621(c) penalty rate must necessarily be proposed in the FPAA before the IRS can apply that rate, the actual decision to

(continued...)

The notion that a partnership level determination may not be disturbed in a partner level proceeding also applies to our additional/alternative ground for dismissal under the six month statute of limitations. As we have explained, plaintiffs' tax motivated interest claims also are a challenge to a computational adjustment under § 6230(c). Section 6230(c)(4) explicitly precludes such a challenge from contesting prior partnership item determinations (such as that a partnership's transactions are shams).

Since plaintiffs' tax motivated interest claims require changing partnership item determinations, they are barred either by § 7422(h) (as argued in our original motion) or by § 6230(c)(4) (if we are correct that the claim is brought under § 6230(c)(1)(A)(ii) and the Court concludes the claim is not barred by the six-month period applicable to such a claim). Plaintiffs nevertheless attempt to distort the relationship between the motion and additional ground, claiming that we contended in our original motion that tax motivated interest is a partnership item and therefore claims for it are barred by § 7422(h). *See Resp.* [Doc. #117] at 3. We made no such assertion. To the contrary, in our original motion, we explicitly stated that "tax motivated interest as a whole may be an 'affected item'. . . or simply a computational adjustment . . . ." *See Br.* [Doc. #102] at 20. As discussed, the bar of § 7422(h) or § 6230(c)(4) applies, because plaintiffs' tax motivated interest claims require changing the partnership level component of an analysis of a partner's liability for tax motivated interest. Plaintiffs' claims do not contest any partner level factual component of such an analysis.[15]

---

[14] (...continued)
apply the rate is not and should not be included in the FPAA.").

[15] We noted the contents of this section in our additional/alternative ground. *See*
(continued...)

## IV. Conclusion

For the reasons detailed in our briefing to date before this Court, plaintiffs' claims for tax motivated interest should be dismissed.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

November 30, 2006

[15] (...continued)
*Br*. [Doc. #115] at 6 n.5.