IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT J. ISLER and | § | |
| SUSAN L. ISLER | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | DOCKET NO. 01-344T |
| | § | Judge Block |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' POST TRIAL BRIEF**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . iii

PLAINTIFFS' POST TRIAL BRIEF . . . . . 1

I. Impact of §6231 on Jurisdiction . . . . . 1

II. Extrinsic Evidence and the Parol Evidence Rule . . . . . 3

A. Extrinsic Evidence in the Federal Circuit . . . . . 3

B. Parol Evidence in the Federal Circuit . . . . . 4

C. Ambiguity in the Federal Circuit . . . . . 4

D. Application of the Federal Circuit's Approach In This Case . . . . . 5

III. Plaintiffs' §6621(c) Authorities are Not Limited to Consideration of a Single Ground for Adjustment . . . . . 14

III. Keener and McGann . . . . . 16

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995) . . . . . 1

*Keener, et al. v. United States*, 76 Fed.Cl. 455 (2007) . . . . . 16-18

*Kraemer v. United States*,
2002 WL 575791 (S.D.Tex. 2002) . . . . . 6, 7, 16

*McGann v. United States*, – Fed.Cl. –,
2007 WL 1464570 (May 17, 2007) . . . . . 3, 16, 18-20

*Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999) . . . . . 1

*Rumsfeld v. Freedom N.Y., Inc.,*
329 F.3d 1320, 1327 (Fed.Cir. 2003),
*reh'g denied,* 346 F.3d 1359 (Fed. Cir. 2003) . . . . . 4

*Schism v. United States,* 316 F.3d 1259 (Fed. Cir. 2002) . . . . . 4

*Travelers Casualty and Surety Co. v. United States*,
75 Fed. Cl. 696 (2007) . . . . . 3, 4, 7

*Weiner v. United States*, 213 F.Supp.2d 728 (S.D.Tex. 2002) . . . . . 5-7, 16, 18

*Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) . . . . . 1, 16

**Statutes**

26 U.S.C. §6230 . . . . . 20
26 U.S.C. §6230(b)(6) . . . . . 2
26 U.S.C. §6230(c) . . . . . 1-3
26 U.S.C. §6230(c)(1)(A) . . . . . 18
26 U.S.C. §6230(c)(1)(A)(ii) . . . . . 19
26 U.S.C. §6230(c)(2)(A) . . . . . 18
26 U.S.C. §6230(d)(6) . . . . . 20
26 U.S.C. §6231(a)(3) . . . . . 1, 9
26 U.S.C. §6231(a)(4) . . . . . 9
26 U.S.C. §6231(a)(5) . . . . . 2, 9
26 U.S.C. §6231(a)(6) . . . . . 18
26 U.S.C. §6231(b)(1) . . . . . 1
26 U.S.C. §6511 . . . . . 20
26 U.S.C. §6601(e)(1) . . . . . 18
26 U.S.C. §6621(c) . . . . . 2, 6-19
26 U.S.C. §6661 . . . . . 13
26 U.S.C. §7422(h) . . . . . 1, 2

**Rules and Regulations**

Treas. Reg. §301.6231(a)(3)(1) . . . . . 9

**PLAINTIFFS' POST TRIAL BRIEF**

*I. Impact of §6231 on Jurisdiction*

The impact of the conversion of a partnership item to a non-partnership item when the taxpayer and the IRS enter into a settlement agreement is important to analysis of the question of this Court's jurisdiction over a refund claim for the penalty portion of the interest paid.

26 U.S.C. §6231(b)(1)[1] provides that:

> For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date–
>
> . . . .
>
> > (C) the Secretary or the Attorney General (or his delegate) enters into a settlement agreement with the partner with respect to such items, or....

Both the Federal Circuit, Fifth Circuit, and this Court have held that a refund claim based on the erroneous assessment of tax based on an agreed adjustment to a partnership item is not a claim for a refund "attributable to partnership items," because the items are no longer partnership items. *Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999), *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004), *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995).

In *Olson, Weiner*, and *Alexander*, this issue was addressed in the context of whether or not a partner's claim for refund based on alleged erroneous assessment of a tax liability arising out of a TEFRA partnership item settlement was a claim barred by §7422(h) which provides:

> (h) SPECIAL RULE FOR ACTIONS WITH RESPECT TO PARTNERSHIP ITEMS No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c).

Key to those determinations were that once the partnership items had been converted to nonpartnership items, the claims could not be "attributable to partnership items." This, of course,

---

[1] Unless otherwise noted, all references to § or the I.R.C. are to Title 26 of the U.S. Code.

did not relieve the partner of the binding nature of the settlement terms nor mean that further determinations making adjustments to the agreed partnership items were permissible.

This same analysis is important to analysis of the Government's claims in this case that §6230(d) implies that the types of refund claims under §6230(c) are the only types of refund claims available to a taxpayer subsequent to a TEFRA partnership item settlement, because it provided for the years in issue that:

> (6) SUBCHAPTER B OF CHAPTER 66 NOT APPLICABLE. – Subchapter B of Chapter 66 (relating to limitations on credit or refund) shall not apply to any credit or refund of an overpayment attributable to a partnership item (or an affected item).

Section 6621(d)(6) is simply inapplicable because the refund claims filed after the settlements are not claims "attributable to a partnership item (or an affected item)" for purposes of §6230(d)(6) any more than for purposes of §7422(h).

If, as the Federal Circuit and Fifth Circuit have determined, a refund claim subsequent to a TEFRA partnership item settlement is not barred by §7422(h) because it is not a claim "attributable to a partnership item," then a refund claim based on the erroneous assessment of penalty interest on the tax assessment based on the settlement of a partnership item also cannot be subject to §6230(b)(6) as a claim "attributable to ... an affected item" related to that former partnership item.

Although the penalty interest under §6621(c) is generally referred to as a substantive affected item, that definition is technically incorrect after the taxpayer and IRS have entered into a settlement agreement regarding adjustments to partnership items with respect to which the IRS then imposes the penalty interest on the resulting tax assessment.

Those very partnership items have ceased to be partnership items. An affected item is by definition "any item to the extent such item is affected by a partnership item." §6231(a)(5). If the interest is being determined with regard to what had once been but has ceased to be a partnership

item, then the interest can also no longer be an "affected item" because it is no longer related to a partnership item.

Recently this Court addressed the issue of whether a refund claim for penalty interest following a TEFRA Tax Court decision, and not based on a settlement, was a claim arising under §6230(c) subject to the six month statute of limitations and found that it was not. *McGann v. United States* – Fed.Cl. –, 2007 WL 1464570 (May 17, 2007). Where, as in this case, there has been a settlement converting partnership items to nonpartnership items, that result is also correct but for the simpler reason that the claims are not even "attributable to... an affected item" and the complex analysis in *McGann* is not even necessary.

*II. Extrinsic Evidence and the Parol Evidence Rule*

As this Court explained in *Travelers Casualty and Surety Co. v. United States*, 75 Fed. Cl. 696, 705-11 (2007), and Plaintiffs have summarized here, most United States Circuit Courts of Appeals follow the Corbin/Restatement (Second) approach which ascertains the parties' intent to form a contract by words and conduct shown by extrinsic evidence.

*A. Extrinsic Evidence in the Federal Circuit*

The Federal Circuit recognizes the Restatement of Contracts as an appropriate source of authority in contract cases, but follows the Williston "modified objective theory," which generally mandates that trial courts should not admit extrinsic evidence to determine the meaning of contractual terms and provisions. The Federal Circuit has also generally incorporated the rules of traditional statutory construction into its contract determinations, requiring that a contract be interpreted in a manner that gives meaning to all its provisions and makes sense.

But the Federal Circuit does not prohibit reference to all outside resources. That court has recognized that "extrinsic" resources such as dictionaries, encyclopedias and treatises are useful in

assisting the court in determining the meaning of highly technical or scientific terms. The Federal Circuit has extended this approach to allow consideration of extrinsic evidence of trade practice, course of dealing, and custom, which may be useful in interpreting a contract term having an accepted industry meaning different from its ordinary meaning-even where the contract otherwise appears unambiguous. However, the Federal Circuit's approach is that trade practice and custom may *not* be used to create an ambiguity where none was reasonably susceptible at the time of contracting.

*B. Parol Evidence in the Federal Circuit*

The Federal Circuit's strict approach extends to the parol evidence rule which, loosely restated, establishes that if the parties have reduced their agreement to a writing that is mutually intended to be the full and final expression of their bargain, then any evidence of prior or contemporaneous promises or understandings is legally irrelevant. As this Court determined in *Travelers Casualty*, the Federal Circuit follows a restrictive view of the parol evidence rule and has consistently held that when a contract is integrated, "'barring certain exceptions (*e.g.,* fraud), a party to a written contract cannot supplement or interpret that agreement with oral or parol statements that conflict with, supplant, or controvert the language of the written agreement itself.'" *Rumsfeld v. Freedom N.Y., Inc.,* 329 F.3d 1320, 1327 (Fed.Cir. 2003), *reh'g denied,* 346 F.3d 1359 (Fed. Cir. 2003) (*quoting Schism v. United States,* 316 F.3d 1259, 1278 (Fed. Cir. 2002) (*en banc*)).

*C. Ambiguity in the Federal Circuit*

As this Court explained in *Travelers Casualty*, and Plaintiffs have summarized here, courts resort to extrinsic evidence to interpret a contract only where there is an ambiguity, *i.e.*, where words are reasonably susceptible to multiple meanings. The Federal Circuit recognizes two types of ambiguity: patent and latent. Generally, a patent ambiguity is, on its face, glaring and obvious. Whether there is a patent ambiguity is decided on an *ad hoc* basis by what a reasonable man would

 R:\DOCS\TAXCONT.T\trwb6167.is1.wpd

find to be patent and glaring. A patent ambiguity may also exist where there is a facial inconsistency between provisions or terms within the contract. In contrast, a latent ambiguity generally does not readily appear in the language of the document but becomes evident when, in light of objective circumstances, two conflicting interpretations appear reasonable. A latent ambiguity usually arises only once the contract is applied or executed.

The key distinction between patent and latent ambiguity is the effect on the contracting parties' rights and obligations. At common law, ambiguities are generally interpreted against the drafter. In the context of government contracts, contractors are required to inquire about patent ambiguities before making bids in order to prevent the exploitation of the ambiguity in the bid process and then later seeking additional compensation to perform the work at the heart of the bid. But the Federal Circuit has not given the patent ambiguity doctrine broad application because the doctrine has the effect of relieving the government from consequences of its own poorly drafted contracts. The Federal Circuit applies that doctrine only to contract ambiguities that are so 'patent and glaring' that it is unreasonable for a contractor not to discover and inquire about them.

*D. Application of the Federal Circuit's Approach In This Case*

The Government's extrinsic evidence is inadmissible. That evidence, including but not limited to, affidavits of IRS personnel prepared during the course of this refund litigation and internal IRS documents regarding the terms of the settlement (including the Basis of Understanding and the Summary of the AMCOR Appeals Settlement Offer (the "SASSO")), were not introduced to rebut the Plaintiffs' claims as the Government asserted at oral argument but to create ambiguity where none exists within the four corners of the document.

The Government previously introduced these same documents in the litigation in the Southern District of Texas in *Weiner v. United States*, 213 F.Supp.2d 728, 758-60 (S.D.Tex. 2002)

and *Kraemer v. United States*, 2002 WL 575791 *12 (S.D.Tex. 2002). Those courts followed the same restrictive extrinsic evidence and parole evidence rule applied by the Federal Circuit and declined to consider this evidence.

In *Weiner*, Judge Atlas specifically declined to consider the same affidavits and IRS documents that the Government has used to allege that the parties intended to settle §6621(c) penalty interest in this case. Not only because the IRS's transmittal of the Form 870-P(AD) plainly states that "[t]he settlement is shown on the schedule of adjustments of the enclosed Form 870-P(AD)," but also because the transmittal made no mention of any other documents or any other grounds for adjustment. The Government intimates in its presentation of the Form 870-P(AD) that the SASSO was a part of the contract, yet the SASSO states on its face that "THIS IS NOT PART OF THE APPEALS SETTLEMENT OFFER." [Emphasis in original].

There, as here, the Government failed to prove that the partners were given, received, or even knew about the Basis for Understanding, SASSO or any of the IRS's internal documents it alleged were sent to the partners. The *Weiner* court found that the Government's affidavits that attempted to prove SASSOs or other documents were sent to the partners were essentially support for those inadmissible documents that were on their face not a part of the settlement document. The court, having denied the Government's extrinsic evidence, also denied as moot plaintiffs' objections to those affidavits, including the Gossett affidavits. *Weiner*, 213 F.Supp.2nd at 758-60.

The *Weiner* court finally noted that at best the Government's evidence based on a statement in Weiner's return of the executed Form 870-P(AD) proved Weiner and his CPA were aware that the Government intended to assess §6621(c), but that awareness did not constitute an agreement to that assessment. *Id*. The Government has not demonstrated that the Plaintiffs in these actions had *any* comparable awareness or made any comparable statements.

In contrast, the extrinsic evidence introduced by Plaintiffs, while arguably no more relevant than the Government's, is contemporaneous with the settlement and buttresses the only conclusions that can be drawn from settlement - the parties intended the Form 870-P(AD) to be a final, comprehensive settlement of the partnership items for the years at issue. The IRS required the partners to settle using Forms 870-P(AD), which on its face and by custom and practice is used to settle only partnership items, not affected items. Forms 870-P(AD) do not support the imposition of §6621(c) penalty interest. Plaintiffs introduced evidence that the IRS notified the parties that executing the Form 870-P(AD) would end their litigation. The IRS filed notices with the Tax Court consistent with that intent to treat the partners as no longer parties to that litigation, which is the industry custom and practice only where all issues before the court have been settled.

As this Court recognizes, "When determining the plain meaning of a contract, a court must first determine what documents are actually part of that contract." *Travelers Casualty* at 712. Here, the Form 870-P(AD), which by its terms includes the attached Schedule of Adjustments, is the contract. Just as two Texas district courts have previously held, the Form 870-P(AD) does not reference or incorporate any other documents. *Weiner* at 758-60; and *Kraemer* at *12.

The settlement agreement at issue was a full and final expression of the parties' bargain to settle partnership items. By its own terms the Form 870-P(AD) is integrated and final with respect to partnership items for the identified year. The agreement states:

> If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of *fraud*, *malfeasance*, or *misrepresentation of fact*; and *no claim for refund of partnership items may be filed or prosecuted*. [Emphasis added].

The Government has not asserted fraud, malfeasance, or misrepresentation so as to void the agreement but, nonetheless, asks the Court to reopen the integrated agreement to allow the

introduction of extrinsic evidence to establish that the transactions adjusted in the Form 870-P(AD) are sham transactions – for the sole purpose of establishing a basis for imposing §6621(c) penalty interest against Plaintiffs. That determination was not made in the Form 870-P(AD) and is inconsistent with the adjustments in the Form 870-P(AD).

Even if this Court is not persuaded that the settlements were comprehensive to all partnership items, despite the IRS's representations to the Tax Court that the settled partners were no longer parties to the proceedings, they were certainly final and comprehensive as to the specific partnership items settled in the Form 870-P(AD), the Schedule F - Farming Expenses and Other Deductions that were identified and adjusted in the Schedule of Adjustments. Adjustments to those items resulted in the tax underpayments against which the IRS imposed §6621(c) penalty interest.

The plain language of the Form 870-P(AD) is unambiguous on that point: "If the offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened...." It was not agreed in the Form 870-P(AD) settlement that the Schedule F - Farming Expenses/Losses or Other Deductions resulted from sham transactions or any other specific tax motivated transaction ("TMT"). The Form 870-P(AD) specifically prohibits any re-determination to now impose or support the naked assessment of §6621(c) penalty interest.

By contrast, the Plaintiffs argument that the statute of limitations barred the entire assessment is based on the Plaintiffs' position that the statute of limitations is not and never was a partnership item. If it is determined that the statute of limitations is a partnership item, then Plaintiffs claim based on that issue could not proceed because Plaintiffs would be precluded by the terms of the Form 870-P(AD) from reopening partnership item determinations. Plaintiffs position is that the Form 870-P(AD) forecloses any further proceedings to make further determinations regarding partnership items, *i.e.*, the nature of the settled partnership items, but does not address or apply at all to

nonpartnership items , including the statute of limitations for assessment of the tax liability.

The plain words of the Form 870-P(AD) clearly state that the undersigned taxpayers, the plaintiffs in these actions, offered "to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the tax year shown on the attached schedule of adjustments." "Partnership item" is a term of art defined by statute, §6231(a)(3), the accompanying regulation, Treas. Reg. §301.6231(a)(3)(1), and judicial interpretation. The meaning of the term was well known to both parties at the time the Government drafted the agreement and sent it to Plaintiffs for their use in making their offer to the Government.

The Form 870-P(AD) did not settle nonpartnership items or affected items. These terms are also statutorily defined terms that are distinct from partnership items. §6231(a)(4) and (5). The well-settled, Black letter law for ten years prior to the time the Government sent the settlement forms to the Plaintiffs in 1997 was that §6621(c) penalty interest is an affected item, not a partnership item. Consequently, §6621(c) penalty interest is not settled by a partnership item settlement that does not positively establish a TMT basis for the adjustment and resulting underpayment.

The Government had at its disposal another commonly used settlement agreement, a Form 870-L(AD), that settles partnership items and affected items, specifically §6621(c) penalty interest. The Form 870-L(AD) has two parts. The first part is identical to the Form 870-P(AD) and settles partnership items. The second part expressly settles §6621(c) penalty interest. That the Government did not use a Form 870-L(AD) settlement agreement in this case confirms the Plaintiffs' understanding that §6621(c) penalty interest was not settled..

The Government's approach erroneously narrows the terms of the settlement to "the

determination of partnership items [...] shown on the attached Schedule of Adjustments." But the actual language of the Form 870-P(AD) states that it is

> "a settlement agreement with respect to the determination of partnership items of the partnership *for the year* shown on the attached Schedule of Adjustments." [Emphasis added].

The phrase "shown on the attached Schedule of Adjustments" modifies the word "year" - not the phrase "the determination of partnership items." Consequently, the more natural reading of the plain terms of the Form 870-P(AD) is that it comprehensively settles *all* of the partnership items of the partnership for the identified tax year. The identified partnership items are settled as adjusted on the attached schedule. Partnership items for the same year that are not identified on the schedule of adjustments are settled as reported on the tax return, without adjustment.

The Form 870-P(AD) is a partial settlement only in that it does not settle all types of items, *i.e.*, partnership, nonpartnership, and affected items. The Form 870-P(AD) is not a partial settlement of partnership items as the Government asserts. The terms of the Form 870-P(AD) do not limit the settlement to the partnership items shown on the attached schedule of adjustments, leaving the unaddressed, unadjusted partnership items unsettled and subject to further determination. The terms of the Form 870-P(AD) do not limit the settlement to the dollar amount adjustments to the Schedule F- Farming Expenses and Other Deduction partnership items shown on the attached schedule of adjustments, leaving the nature and character of the adjusted transactions unaddressed, unsettled, and subject to subsequent determinations. The Government's assertion is further belied by the timing of the §6621(c) assessment. The Government did not wait for any subsequent alleged sham determination in the Tax Court before assessing §6621(c) penalty interest. It assessed §6621(c) interest with the underlying partnership item adjustment assessments - three years prior to the entry of the agreed decision in the Tax Court.

And, as discussed in the briefs, losses, deductions, *etc*. related to sham transactions are ordinarily totally disallowed. Here, the settlement partially allowed a portion of the losses that resulted from the alleged sham transactions.

Also, any assertion that the Tax Court decisions found sham is not supported by the evidence. The Tax Court decisions upon which the Government rests its argument were agreed decisions prepared by the IRS pursuant to a settlement agreement of partnership items between the Tax Matters Partner ("TMP") and the IRS. The IRS drafted a motion for entry of agreed decision that referenced the settlement agreement, but did not attach the actual settlement document to the motion.

Plaintiffs in these AMCOR related refund cases made repeated requests for production of this settlement document during the course of previous Texas litigation and current Tax Court litigation, but no copy of the agreement between the TMPs for the partnerships and IRS was produced by the Government until May 31, 2007, after oral argument in these cases had concluded and pursuant to an instruction from the court in another Texas case to provide the document within ten days from the date of conference, *Duffie v. United States*, Docket No. 06-2879 in the Southern District of Texas. True and correct copies of the belatedly produced Form 906 closing agreements between the TMPs and the IRS are attached as Exhibit "A." In the Tax Court, the IRS initially stipulated that these settlement documents did not exist, but has since stipulated that these agreements provide the basis for the Tax Court decisions in the AMCOR related cases. The Tax Court has agreed to allow the filing of that Supplemental Stipulation of Facts in that proceeding. See Exhibits "B" and "C" attached. It is important to note that *Duffie* involves the §6621(c) refund claim by a partner who did not enter into a Form 870-P(AD) settlement agreement with the IRS but remained a party to the Tax Court cases, a completely different posture from this case.

Those closing agreements do not support the Government's allegations. The TMP did not

agree that the transactions are shams or agree to bind the partners to assessment of §6621(c) penalty interest. The *recitals* to the agreements acknowledge that the IRS issued a Notice of Final Partnership Administrative Adjustment ("FPAA") that included, *inter alia*, a determination by the IRS that certain partnership expenses were not deductible because they related to transactions that were shams. Not only are the recitals to an agreement not part of the agreement, but also nowhere in the recitals or elsewhere in the closing agreement do the parties agree that (i) there is a single, *sole* basis for the IRS determining that expenses were not deductible, or (ii) the basis for the disallowance was that the transactions were sham transactions. As has been fully briefed, the FPAAs issued to these AMCOR partnerships included numerous grounds for determining that the expenses were not deductible, most of which were not TMTs and would not support imposition of §6621(c) penalty interest. This sole recital in the settlement agreement does not rise to the occasion of asserting that it is the sole basis for the determination to deny the expenses deductions at issue. In fact, the next recital recognizes that all of the adjustments set out in the FPAA (which would have included the grounds for adjustment) had been contested and were at issue in the Tax Court.

In short, there was no agreement and no basis for the alleged Tax Court determination that the transactions lacked economic substance, which is the actual language in the Tax Court decisions and which is not a TMT, or were sham transactions as the Government asserts here. The IRS overstated the breadth of the agreement in the agreed decision it presented to the Tax Court. The Government bases its §6621(c) penalty interest jurisdictional arguments in these cases on that overstatement. The actual agreement to settle the partnership items between the TMP and IRS , for those partners who had not entered into prior Form 870-P(AD) settlements, is just as silent as to the basis for the adjustment as the Forms 870-P(AD) directly at issue in theses cases.

Moreover, the only mention of an *agreement* to the imposition of §6621(c) penalty interest

in the closing agreement is personal and relates only to the TMPs, Behrens and Wright, not to the partners. At paragraph (h.), of those closing agreements, both Behrens and Wright agree to the imposition §6621(c) penalty interest to any tax assessed as a result of adjustments to *their* investments in any of the affected partnerships. In fact, the IRS's motion for entry of decision in the Tax Court represented to the court that

> 16. During the administrative partnership proceedings which resulted in the issuance of FPAAs to the tax matters partners of the partnerships listed in Attachment A, respondent also made preliminary determinations as to certain affected items, including the liability of the limited partners for additions to tax pursuant to I.R.C. §§6653 and 6661, and for the assessment of interest on the deficiencies in the partners' income tax at the increased rate prescribed by former I.R.C. §6621(c); ***which determinations the tax matters partner and the other partners are expected to dispute***. [Emphasis added]. Copies of the two motions relevant to these actions are attached as Exhibit "D."

As has been more fully briefed previously, TMPs have statutory authority to represent the partners with respect to partnership items, but lack authority to represent the partners with respect to nonpartnership and affected items, such as §6621(c). Behrens and Wright's limited, personal §6621(c) settlement in the closing agreements is consistent with their lack of authority to bind the limited partners. It is also consistent with their agreement to a penalty under §6661, which is applicable only to them, and to other specific agreements in those closing agreements related only to them (*e.g.*, their waiver of all lawsuits regarding IRS conduct at paragraphs (f.) and (g.)).

Finally, the Government has not specified whether the alleged ambiguity is patent or latent. But the distinction is moot as there is no ambiguity of either type. The Form 870-P(AD) is not ambiguous as to the sham transaction issue. The Form 870-P(AD) does not reference or even intimate that sham or §6621(c) would be at issue. The Form 870-P(AD) plainly states it is a settlement of partnership items of the partnership, which did not include a settlement of an affected item such as §6621(c) penalty interest. No term on the face of the agreement even remotely indicates

that the adjusted Schedule F- Farming Expenses and Other Deductions were sham transactions. Any contention that the transactions were shams is inconsistent with their partial allowance.

In short, the Form 870-P(AD) is an integrated agreement. There is no basis to impose §6621(c) penalty interest anywhere within the four corners of the Form 870-P(AD) or reason to suspect that §6621(c) penalty interest would or could be assessed as a result of the application of that agreement. There is no ambiguity on the face of or in application of the agreement. Extrinsic evidence to support the Government's sham transaction allegations is irrelevant and not admissible.

*III. Plaintiffs' §6621(c) Authorities are Not Limited to Consideration of a Single Ground for Adjustment*

At oral argument the Government asserted Plaintiffs' §6621(c) authorities were distinguishable because they addressed simplified situations in which the parties agreed that underpayments were attributable to a single, non-TMT basis for adjustment. That is not entirely true.

All of the §6621(c) cases cited by Plaintiffs, Tax Court cases in particular, discuss and/or are based on the same premise that is discussed much more completely in Plaintiffs' earlier briefs – if there are *multiple*, *independent* grounds for adjusting the same transaction, some of which are TMTs and some of which are not, then there is no means to determine whether the underpayment is solely attributable to a tax motivated ground for adjustment without conducting a trial to eliminate all of the other non-tax motived grounds for adjustment.

A trial on the merits of each of the grounds for adjustment is not consistent with Congressional intent in enacting §6621(c), which was to encourage taxpayers to avoid this draconian penalty by settling their Tax Court cases in order to alleviate the Tax Court's backlog. A trial on each of the merits of each of the grounds for adjustment for the sole purpose of establishing a basis for imposing §6621(c) penalty interest after the taxpayer has conceded the adjustment is even more of

a perversion of Congressional intent.

The courts that have reached this issue have also realized that even after a trial on the merits, it is conceivable that there could still be two or more valid grounds for adjusting the same transaction, one of which is a TMT and one of which is not. Those courts have declined to proceed down a path that could be a dead-end waste of judicial resources and refused to uphold the imposition of §6621(c) penalty interest.

In some of the cases cited by Plaintiff and referenced by the Government at oral argument, the IRS sought to impose §6621(c) penalty interest in spite of agreements that established a single non-TMT basis for the adjustments. In those cases, the IRS asserted the original TMT grounds for adjustment could be still be used as a basis for imposing §6621(c), notwithstanding the non-TMT agreement. Those courts partially rested their determinations to not uphold imposition of §6621(c) penalty interest on the non-TMT agreement, but also relied on the premise discussed above.

The truly distinguishable cases are those in which the taxpayer agreed the adjustment was directly attributable to a TMT, yet continued to challenge the penalty interest assessment. Here the Government urges the Court to re-open the final integrated settlements to allow introduction of evidence it asserts proves the Plaintiffs agreed that the adjustment was attributable to a single, cherry-picked TMT. Re-opening a settlement to allow the Government to belatedly establish a basis for imposing penalty interest that, on its face, is contrary to the actual adjustment is just as antithetical to Congressional intent behind §6621(c).

And, as was briefed earlier, the Government's approach violates the §6621(c) penalty interest regulation that directs the IRS to consider all of the grounds for adjustment, including the non-TMT grounds, *before* the TMT grounds for adjustment when determining how much of an underpayment is attributable to a TMT. That regulation has the weight of law.

Both *Weiner* and *Kraemer* rejected the Government's attempts to introduce extrinsic evidence to establish a tax motivated ground for adjustment in the settlement. However, both of those district courts improperly proceeded to trial on the merits of the various grounds for adjustment. In *Weiner*, the Fifth Circuit specifically rejected the district court's decision to proceed on the merits and adopted the approach Plaintiffs urge in this action, holding that as a matter of law, the shot-gunned grounds for disallowance in the FPAAs and the silent settlement agreements made assessment of §6621(c) penalty interest erroneous as a matter of law.

*III. Keener and McGann*

In *Keener, et al. v. United States*, 76 Fed.Cl. 455 (2007), the court recognized the long line of authority and did not disagree that §6621(c) penalty interest itself is an affected item. Instead the court held it lacked jurisdiction over the Plaintiffs' §6621(c) claims because sham transaction is a partnership item determination.

The court did not reach or even acknowledge the threshold determinations of whether the Form 870-P(AD) was an final integrated agreement or whether the terms of the agreement established that sham transaction was the sole basis for the agreed adjustments. The court's silence on these threshold issues is glaring given that largely identical briefs have been filed by the all of the parties in *Keener*, *McGann*, and in these actions, and to a large degree in the Texas cases as well.

The *Keener* court appears to have accepted at face value the Government's allegations that the parties agreed the transactions were sham transactions. This acceptance is apparent from the court's initial background statement:

> In 1991, the IRS sent each of the aforementioned partnerships a FPAA, which states that the loss deductions reported in 1984 and 1985 were not allowable because each 'partnership's activities constitute[d] a series of sham transactions.'" *Keener* at 456.

The court failed to mention or address any of the numerous other grounds for adjusting the

partnership transactions set out in the FPAA, the majority of which were non-TMTs, save for the §465 cash investment restriction, which the court recognized for the sole purpose of distinguishing a "true" affected-item, TMT with sham, which the court determined was a partnership-item TMT.

*Dicta* in the *Keener* opinion indicates that the court, alternatively, was persuaded that boilerplate language in the Form 870-P(AD) providing for interest "as required by law" on the assessment of any deficiency would support imposition of the enhance penalty rate of interest under §6621(c). The court would have erred in relying on that determination alone because §6621(c) penalty interest only applies to deficiencies that are attributable to a TMT – a determination that the court either made without comment or failed to make at all.

The court, in yet another alternative, summarily states that if the boilerplate language of the Form 870-P(AD) does not support imposition of the enhanced rate of interest, then the partners remained parties to the Tax Court proceedings for purposes of establishing a basis for imposing §6621(c) penalty interest. The court did not address any of the factual and legal inconsistencies in any such determination including, but not limited to, the three year delay between the assessment and the establishment of any grounds for making the assessment and the statutory provisions that automatically convert a partners out of partnership level proceedings upon settlement of his partnership items. It similarly did not address how underlying determinations regarding items that were converted to nonpartnership items could themselves remain partnership items, or how such a determination could be made in disregard of the Form 870-P(AD)'s plain language that "the treatment of partnership items under this agreement will not be reopened...."

The *Keener* court went head first into the sham briar batch that so many courts avoid. The court did not make any determinations with respect to issues that have not already been addressed in the briefs before this Court. Plaintiffs assert that the *Keener* court erred in its approach to whether

sham is a two prong test composed of economic substance (which by itself is not a TMT but a distinct common law tax doctrine) and profit motive. As has been briefed extensively in these actions and addressed extensively in the *Weiner* district court cases, the unanimous approach taken with respect to the imposition of §6621(c) *in the context of TEFRA proceedings* is that profit motive is determined at the individual partner level – not the partnership level. However, the *Keener* court should never have even ventured into that briar patch to begin with because the Form 870-P(AD) did not agree that the transactions were shams or lacked economic substance.

In contrast, in *McGann* Judge Lettow directly addressed the §6621(c) jurisdictional issues also raised by the Government in *Keener*, *McGann*, and these cases. *McGann* is not an AMCOR related case. It arises out of adjustments to partnership items in an unrelated group of partnerships referred to as the ELEKTRA cases. The plaintiffs in *McGann* and the other ELEKTRA cases in the Court of Federal Claims are also represented by the same Redding & Associates, P.C., counsel that have brought the AMCOR related cases before this Court. The basic legal arguments for and against refund of §6621(c) penalty interest in the AMCOR cases and the ELEKTRA cases contain many of the same elements, especially jurisdictional questions.

In response to the Government's assertion that a claim for refund of the penalty interest is a claim for refund under §6230(c)(1)(A) and subject to the short, six month statute of limitations under §6230(c)(2)(A) for filing those claims, Judge Lettow determined: (i) that penalty interest assessed under §6621(c) is interest and included in the definition of "tax" at §6601(e)(1), which meets the first prong of his §6230(c)(2)(A) and §6231(a)(6) refund claim test, and (ii) that the second prong of his §6230(c)(2)(A) test was not met because the assessment of penalty interest was not based solely on a partnership item determination that was conclusively addressed in a partnership-level proceeding.

The *McGann* court did not base its determination directly on whether §6621(c) itself is a

partnership item, but whether the underlying basis for the imposition of §6621(c) was a purely partnership item determination conclusively made in the partnership level proceeding. The court found it was not and it had not been conclusively addressed in a partnership-level proceeding.

Judge Lettow determined: "Accordingly, the assessment of interest at the tax-motivated transaction rate was not 'necessary ... to apply ... the decision' of the Tax Court in Vulcan Oil." That is the type of claim under §6230(c)(1)(A)(ii) to which the six month statute of limitations applies. In *McGann*, there was no settlement. There was a default Tax Court decision resulting from the failure to prosecute. The major difference in this case is that §6230(c)(1)(A)(ii) refers to applications to the partner of "a settlement, a final partnership administrative adjustment, or the decision of a court ...." Here, there is nothing in the settlement agreement requiring imposition of §6621(c) and, therefore, to paraphrase the holding in *McGann*: "Accordingly, the assessment of interest at the tax-motivated transaction rate was not 'necessary ... to apply ... **the settlement**." [Emphasis added].

The *McGann* court further held, out of judicial prudence, that the IRS notice of the imposition of §6621(c) penalty interest against the plaintiffs in that case was insufficient to allow them to timely meet the six month jurisdictional requirement for filing a §6230(c)(1)(A)(ii) refund claim, even if had been such a claim.

The same impediments are present in these cases. Scuteri settled on April 25, 1997. The IRS sent him a Form 4549A-CG, notice of computational adjustments, which did not include penalty interest, on July 25, 1997. The first notice Scuteri received that the IRS had assessed penalty interest against him was the initial notice of change to account or "bill" for tax and interest the IRS sent to him on August 25, 1997 (there is no indication in the record when he received that bill). Under the criteria the Government asserts in these cases, Scuteri would have had a scant two months to pay over $42,000.00 of tax and interest liability in full and file a refund claim. The Pratis similarly would

have had less than two months to pay almost $60,000.00 and file a refund claim. The Islers would have had two months to pay liability in excess of $16,600.00 and file a refund claim.

Moreover, as discussed above, the *McGann* case arose from assessments directly based on a TEFRA Tax Court partnership-level decision (which does not convert partnership items to nonpartnership items) while the case at bar arises from settlements that converted partnership items and their related affected items to nonpartnership items for purposes of §6230, removing the need to consider §6230(d)(6) and its limits on filing claims under §6511.

Respectfully,

/s/ Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

U.S. Department Of Justice

*Tax Division*

EJO'C:LPH:MDPowell
DJ 5-74-14120
CMN 2007102136

*717 N. Harwood*
*Suite 400*
*Dallas, Texas 75201-6598*

*Main Line: (214) 880-9721*
*Attorney's Direct Line:*
*(214) 880-9757*
*Fax: (214) 880-9741/9742*

May 31, 2007

**FEDERAL EXPRESS**

Teresa J. Womack, Esq.
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018-7010

Re: John C. Duffie, et ux. v. United States
Civil No. 4:06-cv-2870 (USDC S.D. Texas)

Dear Ms. Womack:

Pursuant to the Government's agreement during the scheduling conference last Friday in the above-referenced case, enclosed are copies of the two closing agreements which provide the basis for the Tax Court decision documents entered in the AMCOR cases.

If you have any questions concerning this matter, please contact me at the above-listed number. Your cooperation in this matter is appreciated.

Sincerely yours,

Michael D. Powell

MICHAEL D. POWELL
Trial Attorney
Civil Trial Section,
Southwestern Region

Enclosures

EXHIBIT "A"

From: Origin ID: RBDA (214)880-9721
Raymond Pike
DEPARTMENT OF JUSTICE TAX DIV
717 N. HARWOOD ST
SUITE 400
DALLAS, TX 75201

FedEx Express

E

CLS022307/21/23

Ship Date: 31MAY07
ActWgt: 1 LB
System#: 1750281/INET2600
Account#: S *********

Delivery Address Bar Code

SHIP TO: (713)965-9244 **BILL SENDER**

**TERESA J. WOMACK**
**REDDING & ASSOCIATES, P.C.**
**2914 WEST T.C. JESTER**

**HOUSTON, TX 770187010**

Ref #
Invoice #
PO #
Dept #

**PRIORITY OVERNIGHT** **FRI**

Deliver By:
01JUN07

TRK# **7981 8730 4213** FORM 0201

**IAH** A1

**77018** -TX-US

**A9 SGRA**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Frederick H. Behrens, SSN: 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 ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Frederick H. Behrens, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Frederick H. Behrens, was the tax matters partner of all except two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to

review Administrative Adjustment Requests for these partnerships' 1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Frederick H. Behrens, as the tax matters partner for each of the partnerships listed on Attachments A and B except for Houston Farms Associates II and Texas Farm Venturers agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Frederick H. Behrens are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court such case become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed

cases listed in Attachments A and B, all parties, as defined by Tax Court Rule 247, including Mr. Behrens, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Frederick H. Behrens agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being

entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Frederick H. Behrens, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Frederick H. Behrens for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Frederick H. Behrens and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or

misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:

Frederick H. Behrens

Date: 2/6/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 20 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

## FORM 906 - Closing Agreement On Final Determination Covering Specific Matters

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Robert A. Wright, SSN: 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, ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Robert A. Wright, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Robert A. Wright, was the tax matters partner of two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to review Administrative Adjustment Requests for these partnerships'

1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Robert A. Wright, as the tax matters partner for Houston Farms Associates II and Texas Farm Venturers partnerships agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships as listed in Attachments A and B ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Robert A. Wright are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court in such case becomes final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed cases listed in Attachments A and B, all parties, as

defined by Tax Court Rule 247, including Mr. Wright, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Robert A. Wright agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Robert A. Wright, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Robert A. Wright for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Robert A. Wright and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code

sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:

Robert A. Wright

Date: 2/5/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 20 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

# FAX COVER SHEET

## INTERNAL REVENUE SERVICE

OFFICE OF DIVISION COUNSEL
(SMALL BUSINESS/SELF-EMPLOYED)
8701 S. Gessner, Suite 710
Houston, Texas 77074
(281) 721-7300
FAX: (281) 721-7356

| | | | |
|---|---|---|---|
| **Date Sent:** | June 8, 2007 | **Pages Sent:** | 21 (Counting Cover) |
| **Deliver To:** | Sallie W. Gladney<br>Attorney | **FAX Number:** | (713) 621-5227 |
| **Organization:** | Redding & Associates, P.C. | **Phone Number:** | (713) 965-9244 |
| **Sender:** | Thomas L. Fenner<br>Attorney (Houston, Group 1) | **FAX Number:** | (281) 721-7391 |
| **Office:** | Small Business/Self-Employed | **Phone Number:** | (281) 721-7309 |
| **Sent by:** | ____________________ | **Time:** | ________________ |

**THIS DOCUMENT IS INTENDED ONLY FOR THE NAMED ADDRESSEE.**

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are heeby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone, and return the communication to the address above via he United States Postal Service. Thank you.

**COMMENTS:** Sallie, let me know if you have any suggested changes. If the documents are okay, please sign clean copies and send them to me as soon as possible. Call me if you have any questions. Thanks.

Tom



EXHIBIT "B"

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| JAMES E. HOUSTON AND DONNA C. HOUSTON, Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | |

**JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTS TO CROSS MOTIONS FOR SUMMARY JUDGMENT**

THE PARTIES MOVE, pursuant to T.C. Rule 50(a), that the Court grant the parties leave to each file by August 8, 2007 a supplement to their motions for summary judgment previously filed in this case.

IN SUPPORT THEREOF, the parties respectfully state:

1. By letter dated September 13, 2006, Petitioners served on Respondent Petitioners' First Interrogatories and Petitioners' First Request for Production of Documents in this case. Counsel for Respondent understood from discussions with Counsel for Petitioners that Petitioners were seeking in particular written agreements between Respondent and the tax matters partners of the two partnerships at issue in this case.

2. Until June 5, 2007, Counsel for Respondent was unaware of the existence of such agreements and unable to find them.

3. The parties in this case filed a Stipulation of Facts on December 27, 2006, cross motions for summary judgment on January 30, 2007, and responses to each other's motions for

summary judgment on May 18, 2007.

4. On June 5, 2007, an attorney with the U.S. Department of Justice informed Counsel for Respondent that he had located the two written agreements that Petitioners were seeking in this case.

5. Concurrently with the filing of this motion, the parties are also filing a joint motion for leave to file a supplemental stipulation of facts and the parties are lodging concurrently with that motion a supplemental stipulation of facts with the two agreements attached.

6. The parties would like the opportunity to supplement their motions for summary judgment to explain the effect, if any, of the two agreements on the issues raised in those motions.

THEREFORE, the parties ask the Court to grant this motion.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

____________________
SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

Date: ________________

By: ____________________
THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: ________________

UNITED STATES TAX COURT

| | | |
|---|---|---|
| JAMES E. HOUSTON AND DONNA C. HOUSTON, | ) | |
| Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

**JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL STIPULATION OF FACTS**

THE PARTIES MOVE, pursuant to T.C. Rule 50(a), that the Court grant the parties leave to file the Supplemental Stipulation of Facts lodged concurrently with the filing of this motion.

IN SUPPORT THEREOF, the parties respectfully state:

1. By letter dated September 13, 2006, Petitioners served on Respondent Petitioners' First Interrogatories and Petitioners' First Request for Production of Documents in this case. Counsel for Respondent understood from discussions with Counsel for Petitioners that Petitioners were seeking in particular written agreements between Respondent and the tax matters partners of the two partnerships at issue in this case.

2. Until June 5, 2007, Counsel for Respondent was unaware of the existence of such agreements and unable to find them.

3. The parties in this case filed a Stipulation of Facts on December 27, 2006, cross motions for summary judgment on

January 30, 2007, and responses to each other's motions for summary judgment on May 18, 2007.

4. On June 5, 2007, an attorney with the U.S. Department of Justice informed Counsel for Respondent that he had located the two written agreements that Petitioners were seeking in this case.

5. Contingent upon the granting of this motion, the parties are lodging concurrently with this motion a Supplemental Stipulation of Facts that contains the two written agreements.

6. Concurrently with the filing of this motion, the parties are also filing a joint motion for leave to file supplements to their motions for summary judgment to address the two agreements.

THEREFORE, the parties ask the Court to grant this motion.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

By:

THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: ____________ Date: ____________

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| JAMES E. HOUSTON AND DONNA C. HOUSTON, Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | |

**SUPPLEMENTAL STIPULATION OF FACTS**

Pursuant to leave granted by the Court, the parties hereby stipulate and agree that for the purpose of this case, the following additional facts and exhibits may be taken as true and correct, subject to the rights of the parties to introduce other and further evidence not inconsistent with this stipulation and preserving the parties' rights to object to any and all portions of the stipulation and exhibits as irrelevant, and, unless otherwise expressly stipulated, the parties do not stipulate to the truth of the contents of the exhibits.

30. Attached as Exhibit 22-J is the Form 906 signed by Frederick H. Behrens and Respondent on February 6 and February 20, 2002, respectively.

31. Attached as Exhibit 23-J is the Form 906 signed by Robert A. Wright and Respondent on February 5 and February 20, 2002, respectively.

DONALD J. KORB
Chief Counsel
Internal Revenue Service

By:

SALLIE W. GLADNEY
Counsel for Petitioners
Tax Court Bar No. GS0451
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
FAX: (713) 621-5227

THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner, Ste. 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

Date: ____________________

Date: ____________________

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Frederick H. Behrens, SSN: 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 ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Frederick H. Behrens, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Frederick H. Behrens, was the tax matters partner of all except two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to

Exhibit 22-J

review Administrative Adjustment Requests for these partnerships' 1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Frederick H. Behrens, as the tax matters partner for each of the partnerships listed on Attachments A and B except for Houston Farms Associates II and Texas Farm Venturers agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Frederick H. Behrens are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court such case become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed

Exhibit 22-J

cases listed in Attachments A and B, all parties, as defined by Tax Court Rule 247, including Mr. Behrens, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Frederick H. Behrens expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Frederick H. Behrens agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being

entered, at the increased rate specified in former I.R.C. § 6621(c).

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Frederick H. Behrens, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Frederick H. Behrens for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Frederick H. Behrens and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or

Exhibit 22-J

misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Taxpayer:

Frederick H. Behrens

Date: 2/6/02

On Behalf of the Commissioner

Jeffrey Galante
Appeals Team Manager

Date: FEB 2 0 2002

RECEIVED
FEB 14 2002
Southern California
Appeals Office

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Exhibit 22-J

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |



Exhibit 22-J

**FORM 906 - Closing Agreement On Final Determination Covering Specific Matters**

Under Sections 6224(c) and 7121 of the Internal Revenue Code ("I.R.C."), Robert A. Wright, SSN: 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, ["the Taxpayer"], of Enterprise Way, Coachella, California, and the Commissioner of Internal Revenue make the following Closing Agreement:

WHEREAS, Robert A. Wright, SSN 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 was a general partner in each of the partnerships listed in Attachments A and B, during the years 1984, 1985 and 1986 and was an officer of American Agri-Corp, ("AMCOR"), during the years 1984, 1985 and 1986.

WHEREAS, Robert A. Wright, was the tax matters partner of two of the partnerships listed in Attachments A and B: Houston Farm Associates II and Texas Farm Venturers.

WHEREAS, the Commissioner of Internal Revenue ("respondent"), issued Notice of Final Partnership Administrative Adjustments ("FPAAs") to each of the partnerships listed in Attachment A, determining that certain expenses claimed were not deductible since they related to transactions which were factual or economic shams.

WHEREAS, in response to the FPAAs issued by respondent, timely petitions were filed by partners other than the tax matters partner with the United States Tax Court, in which these partners requested the Court make a final determination with respect to the adjustments set forth in the FPAAs issued by respondent, to the partnerships listed in Attachment A.

WHEREAS, the respondent and the tax matters partner for each of the partnerships listed in Attachment A, whose partnership items are in dispute in docketed proceedings before the United States Tax Court, have reached a contingent agreement with respect to all of the disputed partnership items at issue in the cases listed in Attachment A, which agreement is set forth below and reflected in the Decision documents, submitted with Respondent's Motion for Entry of Decision in the cases listed in Attachments A and B and will become non-contingent as to each case listed in Attachment A when the Decision entered by the United States Tax Court in such case becomes final.

WHEREAS, the tax matters partner of the partnerships listed in Attachment B, timely petitioned the United States Tax Court to review Administrative Adjustment Requests for these partnerships'

Exhibit 23-J

1986 taxable years and requested the Court to determine whether the partnerships' income should be reduced or eliminated.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachment B have entered into a contingent agreement with respect to all of the partnership items at issue in the cases listed in Exhibit A and B, which agreement is set forth below and is also reflected in and will become effective upon Decisions being entered in the cases in Exhibits A and B and those Decisions becoming final.

WHEREAS, the respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the cases listed in Attachments A and B have entered into contingent agreements with respect to affected items, the terms of which are set forth below.

NOW IT IS HEREBY DETERMINED AND AGREED:

1. Robert A. Wright, as the tax matters partner for Houston Farms Associates II and Texas Farm Venturers partnerships agrees to the entry of Decisions by the United States Tax Court in the cases involving these partnerships as listed in Attachments A and B ("the Decisions"), but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and Robert A. Wright are as follows:

a. The terms of this agreement will take effect as to each case listed in Attachments A and B when the Decision entered by the United States Tax Court in such case becomes final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, this Closing Agreement and the Decisions are not to be construed as "settlement agreements" as defined under I.R.C. § 6231(b)(1)(C). Neither this agreement nor this statement of the agreement acts to convert partnership items to nonpartnership items.

c. If Decisions are entered in each of the docketed cases listed in Attachments A and B, all parties, as

defined by Tax Court Rule 247, including Mr. Wright, will be directly bound by the final determination of the Tax Court.

d. The parties agree that all Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the partnerships listed in Attachment A, that are presently pending before any court, except the United States Tax Court, will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in the proceedings listed in Attachments A and B.

e. Effective upon entry of the Decisions, the parties, as defined by Tax Court Rule 247, expressly waive any right of appeal from the orders, opinions, or other rulings entered in the proceedings listed in Attachments A and B.

f. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against the respondent, respondent's employees and representatives, which arise from or are based upon the conduct of the investigation, examination and appeals proceedings relating to AMCOR, its principals and employees, the partnerships listed in Attachment A, or any AMCOR affiliate.

g. Effective upon entry of the Decisions and such Decisions becoming final, Robert A. Wright expressly waives all claims against respondent, respondent's employees and representatives arising from or based upon the conduct of the litigation in the proceedings listed in Attachments A and B.

h. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, Robert A. Wright agrees that the increased rate of interest set forth at I.R.C. § 6621(c) applies to any tax that is assessed as a result of the adjustments set forth in the Decision documents and expressly consents to the assessment of interest with respect to any deficiencies in income tax attributable to his investments in any of the partnerships listed on Attachment A that results from the Decisions being entered, at the increased rate specified in former I.R.C. § 6621(c).

Exhibit 23-J

i. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

j. Effective upon entry of the Decisions, and such Decisions becoming final, Robert A. Wright, agrees that the addition to tax set forth at I.R.C. § 6661 applies to any tax that is assessed against him as a result of the adjustments set forth in the Decision documents and consents to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any additional tax deficiency which results from the adjustments to partnership items contained in the Decisions, which deficiency is attributable to his investments in the partnerships listed in Attachments A and B. The time period for making the assessment of the 6661 addition to tax is set forth at I.R.C. § 6229(d).

l. Effective upon entry of the Decisions and such Decisions becoming final, respondent waives any claims against Robert A. Wright for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of as set forth in the Decisions.

3. If any party, as that term is defined by Tax Court Rule 247, files a timely objection to Respondent's Motion For Entry of Decision and such objection is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, then Robert A. Wright and respondent agree that Respondent's Motion For Entry of Decision, for all cases listed in Attachments A and B, will be withdrawn by respondent, the Commissioner of Internal Revenue.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code

Exhibit 23-J

sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

(3) if it relates to a tax period ending after this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

| Taxpayer: | On Behalf of the Commissioner |
|---|---|
| Robert A. Wright | Jeffrey Galante<br>Appeals Team Manager |
| Date: 2/5/02 | Date: FEB 20 2002 |

RECEIVED
FEB 14 2002
Southern California
Appeals Office

Exhibit 23-J

# Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

Exhibit 23-J

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |



Exhibit 23-J

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

| | | |
|---|---|---|
| JAMES E. HOUSTON and DONNA C. HOUSTON, Petitioners, | ) | |
| v. | ) | Docket No. 1445-06L. |
| COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | |

## ORDER

This case was on the Court's November 27, 2006 trial calendar for Houston, Texas, but was continued and set up to be decided on cross-motions for summary judgment. Shortly after briefing ended, the parties discovered a possibly key piece of evidence that they seek to have made part of the record, and then have a chance to address in supplemental briefs. This is reasonable, and it is therefore

ORDERED that parties' motion for leave to file a supplemental stipulation is granted, and the Supplemental Stipulation of Facts lodged with the Court on June 13, 2007 shall be filed as of the date of this order. It is also

ORDERED that the parties' motion to file supplements to their motions for summary judgment is granted and any supplement is to be filed on or before August 8, 2007.

(Signed) Mark V. Holmes

Mark V. Holmes
Judge

Dated: Washington, D.C.
June 19, 2007

EXHIBIT "C"

462 SB: 8

U.S. TAX COURT
APR 16 2001

UNITED STATES TAX COURT

| | | |
|---|---|---|
| COACHELLA FRUIT GROWERS, ET AL., Frederick H. Behrens, Tax Matters Partner, | Docket Nos. | |
| | 12531-90 | 12533-90 |
| | 12534-90 | 12535-90 |
| Petitioners, | 12536-90 | 12537-90 |
| | 12538-90 | 12539-90 |
| v. | 12540-90 | 15826-90 |
| | 15827-90 | 15032-91 |
| COMMISSIONER OF INTERNAL REVENUE, | 15035-91 | 15036-91 |
| | 15037-91 | 15038-91 |
| Respondent. | 15039-91 | 15040-91 |
| | 15042-91 | 15043-91 |
| | 15044-91 | 15045-91 |
| | 15046-91 | 15048-91 |
| | 15049-91 | 15051-91 |
| | 15052-91 | 15053-91 |
| | 15054-91 | 15055-91 |
| | 15056-91 | 15057-91 |
| | 15059-91 | 15060-91 |
| | 7889-92 | 7891-92 |
| | 7893-92 | 7895-92 |
| | 7900-92 | 7903-92 |
| | 7904-92 | 7906-92 |
| | 7908-92 | 7912-92 |
| | 7914-92 | 7915-92 |
| | 7917-92 | 7920-92 |
| | 7922-92 | 7923-92 |
| | 7924-92 | 7930-92 |
| | 7933-92 | 7934-92 |
| | 7936-92 | 7937-92 |
| | 7939-92 | 7940-92 |
| | 7943-92 | 7946-92 |
| | 1862-01 | 1863-01 |
| | 1864-01 | 1865-01 |
| | 1866-01 | 1867-01 |
| | 1868-01 | 1869-01 |
| | 1870-01 | 1871-01 |
| | 1872-01 | 1873-01 |
| | 1874-01 | 1875-01 |
| | 1876-01 | 1877-01 |
| | Judge Halpern | |

RECEIVED IN ... 01 JUL 19 ... INTERNAL REVENUE SERVICE

**MOTION FOR ENTRY OF DECISIONS PURSUANT TO RULE 248(b)**

RESPONDENT MOVES, pursuant to Rule 248(b) of the Tax Court's Rules of Practice and Procedure, that the Decisions submitted herewith be entered in the above-docketed cases 60 days after the date on which this Motion is granted.

U. S. TAX COURT
GRANTED
JUL 19 2001
(Signed) James S. Halpern

IN SUPPORT THEREOF, the respondent shows unto the Court the following:

1. In the notices of Final Partnership Administrative Adjustments ("FPAAs") which were timely issued to the tax matters partners of the partnerships involved in those above-docketed proceedings listed in **Attachment A** ("the FPAA Cases"), respondent proposed adjustments to certain partnership items of each partnership.

2. In the FPAA Cases, respondent determined that certain of the transactions entered into by each of the partnerships were factual or economic shams and respondent disallowed the deductions claimed for expenses relating to these transactions.

3. Timely petitions were filed by partners other than the tax matters partner in each of the FPAA Cases, seeking a final determination of the disputed partnership items which were disallowed in the FPAAs.

4. In July 1999, the tax matters partners for each of the partnerships was permitted to intervene in the FPAA Cases.

5. By Order dated October 4, 1999, the remaining original petitioning partners and participating partners in the FPAA Cases were dismissed as participating partners based upon their failure to prosecute.

6. As of October 4, 1999, no partners other than the intervening tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in the above-docketed partnership proceedings listed in **Attachment A.**

7. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b)

has expired and as of the date of this motion, no partner has moved for leave to intervene.

8. The respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the FPAA Cases have reached contingent agreements with respect to all of the disputed partnership items at issue in the FPAA Cases. The portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith.

9. All partners in each partnership whose partnership items are to be determined in the FPAA Cases and who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings pursuant to the provisions of I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the Decision and that Decision becoming final, will be bound by the determination of the partnership items set forth therein, and will be assessed any additional tax resulting from the adjustments contained in the Decision documents pursuant to the provisions of I.R.C. §§ 6225, 6230(a) and 6231(a)(6) within the time period provided by I.R.C. § 6229(d).

10. In timely filed Administrative Adjustment Requests ["AARs"] under I.R.C. § 6227(c)(2), the tax matters partners for the partnerships whose partnership items are at issue in those above-docketed proceedings listed **Attachment B** ("the AAR Cases") advanced a protective claim that certain amounts of income that was reported by the partnerships in subsequent years be reduced or eliminated in the event the Court should determine that the

partnerships' transactions were factual or economic shams, which claims were not allowed by respondent.

11. Within the time prescribed by I.R.C. § 6228(a), the tax matters partners for the partnerships whose partnership items are in dispute in the AAR Cases, timely petitioned this Court to review the AAR claims and to determined whether the partnerships' income should be reduced or eliminated.

12. As of October 4, 1999, no partners other than the tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in those above-docketed partnership proceedings listed in **Attachment B**.

13. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b) has expired for all cases except those at docket numbers 1862-01 through 1877-01. As of the date of this motion, no partner has moved for leave to intervene.

14. The respondent and the tax matters partner for each of the Partnerships whose partnership items are in dispute in the AAR Cases have entered into contingent agreements with respect to all of the partnership items at issue in the AAR Cases, which agreement is reflected in the Decisions submitted herewith.

15. All partners of the partnerships listed in **Attachment B** who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to those actions pursuant to I.R.C. § 6228(a)(4)(A) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the decision will be

bound by the determination of the partnership items set forth therein.

16. During the administrative partnership proceedings which resulted in the issuance of FPAAs to the tax matters partners of the partnerships listed in **Attachment A**, respondent also made preliminary determinations as to certain affected items, including the liability of the limited partners for additions to tax pursuant to I.R.C. §§ 6653 and 6661, and for the assessment of interest on the deficiencies in the partners' income tax at the increased rate prescribed by former I.R.C. § 6621(c); which determinations the tax matters partner and other partners are expected to dispute.

17. In the interest of all partners who are deemed to be parties to those proceedings, the tax matters partner for each partnership has entered into a settlement agreement with respondent, contingent upon Decisions being entered by the United States Tax Court and becoming final, pursuant to Tax Court Rule 248(b), in each of the above-docketed partnership proceedings. The the terms of this contingent agreement are shown in **Attachment C.**

18. The tax matters partner for each partnership agrees to the proposed Decisions in these cases, but does not certify that no party objects to the granting of Respondent's Motion For Entry of Decision.

19. If any partner of the partnership files motion for leave to participate and is permitted by the Court to file an objection to this motion for entry of decision pursuant to Tax Court Rule 248(b)(4), and such objection is not withdrawn or

otherwise resolved within 90 days of the date on which this motion is filed, the tax matters partners and respondent stipulate that this motion for entry of decisions will be withdrawn by respondent.

20. Once the Decisions submitted herewith are entered by the Court and become final, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment, under I.R.C. § 6231(a)(6) based upon the adjustment contained in the Decisions, within the time period provided by I.R.C. § 6229(d); and based upon the determination made in the Decisions, respondent will assess interest which has accrued thereon under former I.R.C. § 6621(c), within the time period provided by I.R.C. § 6229(d).

21. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, including Attachments, and the Decisions are not to be construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). The statement of the agreements, including **Attachment C**, does not act to convert partnership items to nonpartnership items, but rather, sets forth how the Decisions will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

22. The Motion for Entry of Decision in the cases at Docket No. 12531-90 et. al., and the Motion for Entry of Decision in the consolidated group of cases at Docket No. 12530-90 are contingent upon each of these Motions being granted. Should either one of Respondent's Motions for Entry of Decision be denied then Respondent requests that other other Motion for Entry of Decision also be denied or withdrawn.

WHEREFORE, it is prayed that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

Date: 4/12/01 BY: Alice M. Harbutte

ALICE M. HARBUTTE
Attorney, LMSB Area 4
Tax Court No. HA0363
1244 Speer Blvd., Suite 500
Denver, Colorado 80204
(303) 844-3258

OF COUNSEL:

JAMES CLARK
ASSOCIATE AREA COUNSEL
Communication, Technology & Media, Area 5
MARGARET K. HEBERT
Assistant Area Counsel (Strategic Litigation)
Internal Revenue Service
701 B Street, Suite 901
San Diego, CA 92101
(619) 557-6014

Attachment A: FPAA Cases

| Partnership | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

**ATTACHMENT C**

In the interests of all parties to the proceeding, respondent and the tax matters partner for each partnerships listed in **Attachments A and B** ("the Partnerships"), have entered into agreements as to all partnership items here in dispute and all affected items determined by respondent but not yet before the Court; which agreements are contingent upon the express or implied consent of all partners who are deemed to be parties to this proceeding under I.R.C. §§ 6226(c), 6228(a)(4)(A) and Tax Court Rule 247(a), to the entry of Decision by the United States Tax Court pursuant to Tax Court Rule 248(b), in each of the above-docketed cases.

1. The tax matters partner for the Partnerships agrees to the Decision submitted herewith, but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and the tax matters partners, Frederick Behrens and Robert Wright, and of the implied agreement between respondent and all partners are as follows:

a. The terms of the agreements, as set forth below, will only take effect if Decisions are entered by the United States Tax Court in all of the above-docketed cases pursuant to Tax Court Rule 248(b) and such Decisions become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision and the Decisions are not to be

construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). This statement of the agreement does not act to convert partnership items to nonpartnership items, but rather it sets forth how the Decision will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

c. The income, expenses, and credits of the Partnerships for the first year in which a deduction for Farming Expenses was claimed on Schedule F and disallowed by respondent in the FPAA ("the Adjustment Year"), will be adjusted by the reduced amounts shown in the Decisions. If Decisions are entered in each of the above-docketed cases, it is contemplated that all parties will be directly bound by the final determination of the Tax Court. Any resulting assessments of additional tax will be made within the time period provided by I.R.C. § 6229(d).

d. If Decisions are not entered in each of the above-docketed cases the contingent agreements between the respondent and the tax matters partners will not take effect.

e. In consideration of the reduced adjustments to partnership income, expense and credits set forth in therein, the parties agree that the income, expense and credits reported by the Partnership for years ending after the Adjustment Year up through December 31, 1997,

will not be adjusted by respondent or by any partner. All Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the Partnerships which are presently pending before any court will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in this proceeding.

f. Effective upon entry of the Decisions and in consideration of the reduced adjustments set forth therein, the parties expressly waive any right of appeal from the orders, opinions, or other rulings entered in this proceeding or in the related proceedings.

g. Effective upon entry the of Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against the respondent, his employees, and representatives, which arise from or are based upon the conduct of the investigation and examination of the AMCOR, its principals and employees. the Partnership, or any AMCOR affiliate.

h. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against respondent, his employees, and representatives arising from or based

upon the conduct of the litigation in this proceeding and in the related proceedings.

i. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the partners expressly consent to the assessment of interest on the deficiencies in income tax, if any, which are attributable to the adjustments to the partnership items of Partnership at the increased rate specified in former I.R.C. § 6621(c). Such assessment will be made within the time period prescribed by I.R.C. § 6229(d).

j. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the parties' consent to the assessment of interest at the rate prescribed by former I.R.C. § 6621(c), respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

k. Effective upon entry of the Decisions, and such Decisions becoming final, the general partners of Partnerships, Frederick Behrens and Robert Wright, consent to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any

additional tax deficiency which results from the adjustments to partnership items contained in the Decisions. The time period for making any assessments under I.R.C. § 6661 is set forth at I.R.C. § 6229(f), beginning from the date the separate Closing Agreement signed by the tax matters partners become non-contingent.

1. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the foregoing, respondent waives any claims against the general partners for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of Partnership set forth in the Decisions.

4. Pursuant to Tax Court Rule 248(b), the entry of the Decisions in these proceedings is contingent upon the express or implied consent of all parties. Absent a timely objection to the entry of the decisions submitted herewith, the parties to the proceedings shall be presumed to have consented to all of the terms of the agreement described above and shall be estopped from challenging the adjustments to the partnership items determined in the decision and from challenging the assessment of interest accruing on any deficiencies in income tax attributable thereto at the increased rate prescribed by former I.R.C. § 6621(c).

5. If any party to this proceeding files a timely objection to Respondent's Motion For Entry of Decision and such objection

is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, the tax matters partners and respondent stipulate that Respondent's Motion For Entry of Decision will be withdrawn by respondent.

6. All partners of the partnership who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to this action pursuant to I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure.

7. Once the Decisions submitted herewith are entered by the Court, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment based upon the decision within the time period provided by I.R.C. § 6229(d); respondent will assess interest which has accrued thereon pursuant to the provisions of former I.R.C. § 6621(c) within the time period provided by I.R.C. § 6229(d); and, respondent will assess any additions to tax, as stated above in paragraph 3.

8. The express agreement between respondent and the tax matters partners, Frederick Behrens and Robert A. Wright, and the implied agreements between respondent all other parties to this proceeding, which agreements are evidenced by the absence of any timely objection to the motion for entry of decision, are without prejudice to the partners' individual rights to seek administrative or judicial relief that they may be entitled to, including but not limited to any rights under I.R.C. §§ 6015, 6230(a)(3), 6230(c), and 7122.

9. If Respondent's Motion for Entry of Decision is granted, and any individual partner, who is a party to these proceedings,

takes an action inconsistent with the terms of this agreement, respondent reserves the right to issue an affected item notice of deficiency with respect to additions to tax to that individual within the time period provided by I.R.C. §§ 6229(d) and 6229(f).

# UNITED STATES TAX COURT

| | |
|---|---|
| AGRI-CAL VENTURE ASSOCIATES, et al. )<br>Frederick H. Behrens, )<br>Tax Matters Partner, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>COMMISSIONER OF INTERNAL REVENUE, )<br>)<br>Respondent. ) | Docket Nos.<br>12530-90 12532-90<br>15034-91 15041-91<br>15047-91 15050-91<br>15058-91<br><br>Judge Halpern |

## MOTION FOR ENTRY OF DECISIONS PURSUANT TO RULE 248(b)

RESPONDENT MOVES, pursuant to Rule 248(b) of the Tax Court's Rules of Practice and Procedure, that the Decisions submitted herewith be entered in the above-docketed cases 60 days after the date on which this Motion is granted.

IN SUPPORT THEREOF, the respondent shows unto the Court the following:

EXHIBIT "E"

1. In the notices of Final Partnership Administrative Adjustments ("FPAAs") which were timely issued to the tax matters partners of the partnerships involved in those above-docketed proceedings listed in **Attachment A** ("the FPAA Cases"), respondent proposed adjustments to certain partnership items of each partnership.

2. In the FPAA Cases, respondent determined that certain of the transactions entered into by each of the partnerships were factual or economic shams and respondent disallowed the deductions claimed for expenses relating to these transactions.

3. Timely petitions were filed by partners other than the tax matters partner in each of the FPAA Cases, seeking a final determination of the disputed partnership items which were disallowed in the FPAAs.

4. In July 1999, the tax matters partners for each of the partnerships was permitted to intervene in the FPAA Cases.

5. By Order dated October 4, 1999, the remaining original petitioning partners and participating partners in the FPAA Cases were dismissed as participating partners based upon their failure to prosecute.

6. As of October 4, 1999, no partners other than the intervening tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in the above-docketed partnership proceedings listed in **Attachment A**.

7. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b)

has expired and as of the date of this motion, no partner has moved for leave to intervene.

8. The respondent and the tax matters partner for each of the partnerships whose partnership items are in dispute in the FPAA Cases have reached contingent agreements with respect to all of the disputed partnership items at issue in the FPAA Cases. The portion of the contingent agreement that relates to the partnership items at issue in these proceedings is reflected in the Decisions submitted herewith.

9. All partners in each partnership whose partnership items are to be determined in the FPAA Cases and who meet the interest requirements of I.R.C. § 6226(d) are deemed to be parties to those partnership proceedings pursuant to the provisions of I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the Decision and that Decision becoming final, will be bound by the determination of the partnership items set forth therein, and will be assessed any additional tax resulting from the adjustments contained in the Decision documents pursuant to the provisions of I.R.C. §§ 6225, 6230(a) and 6231(a)(6) within the time period provided by I.R.C. § 6229(d).

10. In timely filed Administrative Adjustment Requests ["AARs"] under I.R.C. § 6227(c)(2), the tax matters partners for the partnerships whose partnership items are at issue in those above-docketed proceedings listed **Attachment B** ("the AAR Cases") advanced a protective claim that certain amounts of income that was reported by the partnerships in subsequent years be reduced or eliminated in the event the Court should determine that the

partnerships' transactions were factual or economic shams, which claims were not allowed by respondent.

11. Within the time prescribed by I.R.C. § 6228(a), the tax matters partners for the partnerships whose partnership items are in dispute in the AAR Cases, timely petitioned this Court to review the AAR claims and to determined whether the partnerships' income should be reduced or eliminated.

12. As of October 4, 1999, no partners other than the tax matters partners are participating partners, within the meaning of Rule 247(b) of the Tax Court's Rules of Practice and Procedure, in those above-docketed partnership proceedings listed in **Attachment B**.

13. The time within which to file notice of election to participate in the above-docketed proceedings under Rule 245(b) has expired for all cases except those at docket numbers 1862-01 through 1877-01. As of the date of this motion, no partner has moved for leave to intervene.

14. The respondent and the tax matters partner for each of the Partnerships whose partnership items are in dispute in the AAR Cases have entered into contingent agreements with respect to all of the partnership items at issue in the AAR Cases, which agreement is reflected in the Decisions submitted herewith.

15. All partners of the partnerships listed in **Attachment B** who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to those actions pursuant to I.R.C. § 6228(a)(4)(A) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure and upon entry of the decision will be

bound by the determination of the partnership items set forth therein.

16. During the administrative partnership proceedings which resulted in the issuance of FPAAs to the tax matters partners of the partnerships listed in **Attachment A**, respondent also made preliminary determinations as to certain affected items, including the liability of the limited partners for additions to tax pursuant to I.R.C. §§ 6653 and 6661, and for the assessment of interest on the deficiencies in the partners' income tax at the increased rate prescribed by former I.R.C. § 6621(c); which determinations the tax matters partner and other partners are expected to dispute.

17. In the interest of all partners who are deemed to be parties to those proceedings, the tax matters partner for each partnership has entered into a settlement agreement with respondent, contingent upon Decisions being entered by the United States Tax Court and becoming final, pursuant to Tax Court Rule 248(b), in each of the above-docketed partnership proceedings. The the terms of this contingent agreement are shown in **Attachment C**.

18. The tax matters partner for each partnership agrees to the proposed Decisions in these cases, but does not certify that no party objects to the granting of Respondent's Motion For Entry of Decision.

19. If any partner of the partnership files motion for leave to participate and is permitted by the Court to file an objection to this motion for entry of decision pursuant to Tax Court Rule 248(b)(4), and such objection is not withdrawn or

otherwise resolved within 90 days of the date on which this motion is filed, the tax matters partners and respondent stipulate that this motion for entry of decisions will be withdrawn by respondent.

20. Once the Decisions submitted herewith are entered by the Court and become final, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment, under I.R.C. § 6231(a)(6) based upon the adjustment contained in the Decisions, within the time period provided by I.R.C. § 6229(d); and based upon the determination made in the Decisions, respondent will assess interest which has accrued thereon under former I.R.C. § 6621(c), within the time period provided by I.R.C. § 6229(d).

21. The agreements reflected in the Rule 248(b) Motion for Entry of Decision, including Attachments, and the Decisions are not to be construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). The statement of the agreements, including **Attachment C**, does not act to convert partnership items to nonpartnership items, but rather, sets forth how the Decisions will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

22. The Motion for Entry of Decision in the cases at Docket No. 12531-90 et. al., and the Motion for Entry of Decision in the consolidated group of cases at Docket No. 12530-90 are contingent upon each of these Motions being granted. Should either one of Respondent's Motions for Entry of Decision be denied then Respondent requests that other other Motion for Entry of Decision also be denied or withdrawn.

WHEREFORE, it is prayed that this motion be granted.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

Date: 4/12/01 BY: Alice M. Harbutte

ALICE M. HARBUTTE
Attorney, LMSB Area 4
Tax Court No. HA0363
1244 Speer Blvd., Suite 500
Denver, Colorado 80204
(303) 844-3258

OF COUNSEL:

JAMES CLARK
ASSOCIATE AREA COUNSEL
Communication, Technology & Media, Area 5
MARGARET K. HEBERT
Assistant Area Counsel (Strategic Litigation)
Internal Revenue Service
701 B Street, Suite 901
San Diego, CA 92101
(619) 557-6014

# Attachment A: FPAA Case

| [illegible] | Docket No. | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 15045-91 | 1984 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 15048-91 | 1984, 1985 |
| Agri-Cal Venture Assoc. | 12530-90 | 1986 |
| Agri-Venture 1985 | 15035-91 | 1985 |
| Agri-Venture Associates | 15047-91 | 1984, 1985 |
| Agri-Venture Fund | 15034-91 | 1985 |
| Canyon Desert Vineyards | 15054-91 | 1985 |
| Coachella-85 Partners | 15057-91 | 1985 |
| Coachella Fruit Growers | 12531-90 | 1986 |
| Columbia Basin Growers | 15055-91 | 1985 |
| Crop Associates-1986 | 12532-90 | 1986 |
| Desert Flame Growers | 15052-91 | 1984, 1985 |
| Desert Highland Vineyards | 15056-91 | 1985 |
| Dixie Delano Growers | 15053-91 | 1984, 1985 |
| Dixie Ventures-1985 | 15050-91 | 1985 |
| Dixie Ventures-1986 | 12533-90 | 1986 |
| El Rancho Vineyard | 15049-91 | 1985 |
| Emperor Seedless 1985 | 15039-91 | 1985 |
| Houston Farm Assoc.-II | 15041-91 | 1985 |
| Indio Date Associates | 15042-91 | 1985 |
| IVA-1984 | 15051-91 | 1985 |
| IVA-1985 | 15827-90 | 1986 |
| Lifemark Farming Assoc. | 15036-91 | 1984, 1985 |
| Oasis Date Associates | 15037-91 | 1984, 1985 |
| Pecan Diversified Growers | 15038-91 | 1984, 1985 |
| Pump Station III Assoc. | 15040-91 | 1984, 1985 |
| Rancho Calif. Partners | 12534-90 | 1986 |
| Rancho Calif. Partners-II | 12535-90 | 1986 |
| Rancho Madera Partners | 12536-90 | 1986 |
| Richgrove Grape Assoc. | 15044-91 | 1984, 1985 |
| Texas Farm Venturers | 15058-91 | 1984, 1985 |
| Travertine Flame Assoc. | 15059-91 | 1984, 1985 |
| US Farm Partners-84 | 15032-91 | 1984, 1985 |
| US Farm Partners-85 | 15046-91 | 1985 |
| US Farm Partners-86 | 12538-90 | 1986 |
| USB Flame Growers | 15060-91 | 1984, 1985 |
| USB-1985 Associates | 15043-91 | 1985 |
| USB-86 Associates | 12537-90 | 1986 |
| Vista AG-Realty Partners | 12539-90 | 1986 |
| Western Agricultural Vent. | 12540-90 | 1986 |

# Attachment B: AAR Cases

| Partnership | Docket No(s). | Year(s) |
|---|---|---|
| Ag-Capital Fund-1983 | 7943-92 | 1986 |
| Agri-Cal Venture Assoc. | 1868-01 | 1995, 1996 |
| Agri-Venture-II | 7940-92 | 1986 |
| Agri-Venture 1985 | 7915-92 & 1877-01 | 1985, 1995 |
| Agri-Venture Associates | 7920-92 | 1986 |
| Agri-Venture Fund | 7985-92 & 1866-01 | 1986, 1995 |
| Canyon Desert Vineyards | 7904-92 | 1986 |
| Coachella Fruit Growers | 1876-01 | 1995, 1996 |
| Coachella-85 Partners | 7891-92 & 1862-01 | 1986, 1995 |
| Columbia Basin Growers | 7930-92 | 1986 |
| Desert Flame Growers | 7917-92 | 1986 |
| Desert Highland Vineyards | 7912-92 | 1986 |
| Dixie Delano Growers | 7914-92 | 1986 |
| Dixie Ventures-1985 | 7893-92 & 1865-01 | 1986, 1995, 1996 |
| El Rancho Vineyard | 7900-92 | 1986 |
| Emperor Seedless 1985 | 7980-92 | 1986 |
| Houston Farm Assoc. II | 15826-90, 1875-01 | 1986, 1995 |
| Indio Date Associates | 7924-92 & 1873-01 | 1986, 1995 |
| Lifemark Farming Assoc. | 1872-01 | 1995 |
| IVA-1984 | 7936-92 | 1986 |
| Oasis Date Associates | 7939-92 | 1986 |
| Pecan Diversified Growers | 7937-92 | 1986 |
| Pump Station III Assoc. | 7889-92 | 1986 |
| Rancho Calif. Partners II | 1867-01 | 1995, 1996 |
| Richgrove Grape Assoc. | 7934-92 | 1986 |
| Texas Farm Venturers | 7906-92 | 1986 |
| Travertine Flame Assoc. | 7923-92 | 1986 |
| US Farm Partners-84 | 7922-92 | 1986 |
| US Farm Partners-85 | 7946-92 & 1863-01 | 1986, 1995 |
| US Farm Partners-86 | 1874-01 | 1995, 1996 |
| USB-85 Associates | 7903-92 | 1995 |
| USB-86 Associates | 1871-01 | 1995, 1996 |
| Vista Ag-Realty Partners | 1870-01 | 1995, 1996 |
| Western Agricultural Assoc. | 1869-01 | 1995, 1996 |

**ATTACHMENT C**

In the interests of all parties to the proceeding, respondent and the tax matters partner for each partnerships listed in **Attachments A and B** ("the Partnerships"), have entered into agreements as to all partnership items here in dispute and all affected items determined by respondent but not yet before the Court; which agreements are contingent upon the express or implied consent of all partners who are deemed to be parties to this proceeding under I.R.C. §§ 6226(c), 6228(a)(4)(A) and Tax Court Rule 247(a), to the entry of Decision by the United States Tax Court pursuant to Tax Court Rule 248(b), in each of the above-docketed cases.

1. The tax matters partner for the Partnerships agrees to the Decision submitted herewith, but does not certify that all parties do not object to the granting of Respondent's Motion For Entry of Decision.

2. The terms of the express agreement between the respondent and the tax matters partners, Frederick Behrens and Robert Wright, and of the implied agreement between respondent and all partners are as follows:

a. The terms of the agreements, as set forth below, will only take effect if Decisions are entered by the United States Tax Court in all of the above-docketed cases pursuant to Tax Court Rule 248(b) and such Decisions become final.

b. The agreements reflected in the Rule 248(b) Motion for Entry of Decision and the Decisions are not to be

construed as "settlement agreements" under I.R.C. section 6231(b)(1)(C). This statement of the agreement does not act to convert partnership items to nonpartnership items, but rather it sets forth how the Decision will be entered by the Tax Court which will be binding on the non-participating partners who are parties to these proceedings.

c. The income, expenses, and credits of the Partnerships for the first year in which a deduction for Farming Expenses was claimed on Schedule F and disallowed by respondent in the FPAA ("the Adjustment Year"), will be adjusted by the reduced amounts shown in the Decisions. If Decisions are entered in each of the above-docketed cases, it is contemplated that all parties will be directly bound by the final determination of the Tax Court. Any resulting assessments of additional tax will be made within the time period provided by I.R.C. § 6229(d).

d. If Decisions are not entered in each of the above-docketed cases the contingent agreements between the respondent and the tax matters partners will not take effect.

e. In consideration of the reduced adjustments to partnership income, expense and credits set forth in therein, the parties agree that the income, expense and credits reported by the Partnership for years ending after the Adjustment Year up through December 31, 1997,

will not be adjusted by respondent or by any partner. All Administrative Adjustment Requests relating to adjustments to the income, expense or credit of the Partnerships which are presently pending before any court will be dismissed with prejudice prior to the entry of Decisions by the United States Tax Court in this proceeding.

f. Effective upon entry of the Decisions and in consideration of the reduced adjustments set forth therein, the parties expressly waive any right of appeal from the orders, opinions, or other rulings entered in this proceeding or in the related proceedings.

g. Effective upon entry the of Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against the respondent, his employees, and representatives, which arise from or are based upon the conduct of the investigation and examination of the AMCOR, its principals and employees. the Partnership, or any AMCOR affiliate.

h. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the parties expressly waive all claims against respondent, his employees, and representatives arising from or based

upon the conduct of the litigation in this proceeding and in the related proceedings.

i. Effective upon the entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the reduced adjustments set forth therein, the partners expressly consent to the assessment of interest on the deficiencies in income tax, if any, which are attributable to the adjustments to the partnership items of Partnership at the increased rate specified in former I.R.C. § 6621(c). Such assessment will be made within the time period prescribed by I.R.C. § 6229(d).

j. Effective upon entry of the Decisions submitted herewith and such Decisions becoming final, and in consideration of the parties' consent to the assessment of interest at the rate prescribed by former I.R.C. § 6621(c), respondent expressly waives all claims against the limited partners for any additions to tax that might be due under I.R.C. §§ 6653 and 6661 to the extent such claims for additions to tax are based upon the adjustment to partnership items set forth in the Decisions.

k. Effective upon entry of the Decisions, and such Decisions becoming final, the general partners of Partnerships, Frederick Behrens and Robert Wright, consent to the assessment of an addition to tax pursuant to I.R.C. § 6661, at the rate of 10% of any

additional tax deficiency which results from the adjustments to partnership items contained in the Decisions. The time period for making any assessments under I.R.C. § 6661 is set forth at I.R.C. § 6229(f), beginning from the date the separate Closing Agreement signed by the tax matters partners become non-contingent.

1. Effective upon entry of the Decisions and such Decisions becoming final, and in consideration of the foregoing, respondent waives any claims against the general partners for the assessment of additions to tax which might be due under the provisions of I.R.C. § 6653 to the extent they are based upon the adjustments to partnership items of Partnership set forth in the Decisions.

4. Pursuant to Tax Court Rule 248(b), the entry of the Decisions in these proceedings is contingent upon the express or implied consent of all parties. Absent a timely objection to the entry of the decisions submitted herewith, the parties to the proceedings shall be presumed to have consented to all of the terms of the agreement described above and shall be estopped from challenging the adjustments to the partnership items determined in the decision and from challenging the assessment of interest accruing on any deficiencies in income tax attributable thereto at the increased rate prescribed by former I.R.C. § 6621(c).

5. If any party to this proceeding files a timely objection to Respondent's Motion For Entry of Decision and such objection

is not withdrawn or otherwise resolved within 90 days of the date that this motion is filed, the tax matters partners and respondent stipulate that Respondent's Motion For Entry of Decision will be withdrawn by respondent.

6. All partners of the partnership who meet the interest requirements of I.R.C. § 6226(d) are treated as parties to this action pursuant to I.R.C. § 6226(c) and Rule 247(a) of the Tax Court's Rules of Practice and Procedure.

7. Once the Decisions submitted herewith are entered by the Court, respondent will assess any deficiency in income tax due from each partner by way of computational adjustment based upon the decision within the time period provided by I.R.C. § 6229(d); respondent will assess interest which has accrued thereon pursuant to the provisions of former I.R.C. § 6621(c) within the time period provided by I.R.C. § 6229(d); and, respondent will assess any additions to tax, as stated above in paragraph 3.

8. The express agreement between respondent and the tax matters partners, Frederick Behrens and Robert A. Wright, and the implied agreements between respondent all other parties to this proceeding, which agreements are evidenced by the absence of any timely objection to the motion for entry of decision, are without prejudice to the partners' individual rights to seek administrative or judicial relief that they may be entitled to, including but not limited to any rights under I.R.C. §§ 6015, 6230(a)(3), 6230(c), and 7122.

9. If Respondent's Motion for Entry of Decision is granted, and any individual partner, who is a party to these proceedings,

takes an action inconsistent with the terms of this agreement, respondent reserves the right to issue an affected item notice of deficiency with respect to additions to tax to that individual within the time period provided by I.R.C. §§ 6229(d) and 6229(f).