IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 01-344 T
Judge Lawrence J. Block

ROBERT J. ISLER and SUSAN L. ISLER,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# JOINT STATUS REPORT

Pursuant to the Court's order entered July 17, 2008, the parties provide the following joint status report. On April 16, 2008, the Court issued an opinion in *Prati*, Fed. Cl. No. 02-60 T [Doc. #87], dismissing for lack of jurisdiction all of the Pratis' claims - untimely assessment, tax motivated interest, and interest abatement claims. On July 1, 2008, the Court denied a motion to reconsider its decision. *See id.* [Doc. #95].

Under the decision in *Prati*, the Court lacks subject matter jurisdiction over those same three types of claims (untimely assessment, tax motivated interest, and interest abatement) in the following nine cases: (1) *Bolen*, Fed. Cl. No. 02-696 T; (2) *Isler*, Fed. Cl. No. 01-344 T; (3) *Lewis*, Fed. Cl. No. 02-1080 T; (4) *Koretz*, Fed. Cl. No. 02-912 T; (5) *Mastropieri*, Fed. Cl. No. 02-910 T; (6) *McMenamin*, Fed. Cl. No. 04-1745 T; (7) *Pineo*, Fed. Cl. No. 02-401 T; (8) *Prendergast*, Fed. Cl. No. 04-1819 T; and (9) *Scuteri*, 01-358 T. In addition, plaintiffs do not contend that any of the nine cases have additional case-specific-source year claims (claims for

tax years 1984, 1985, and/or 1986) that were left unresolved by the *Prati* decision.

The remaining claims in those nine cases, plus the claims in 39 other cases,[1] are what the parties have referred to as "termination year claims" or claims of AMCOR partners for tax years other than 1984, 1985, and/or 1986. Within this group of 48 termination year cases, there are two types of claims, labeled by the parties as "basis termination claims" and "income recapture claims." Basis termination claims are alleged in 47 of the 48 termination year cases, but income recapture claims are alleged in only 10 of the 48. (One termination-year case does not have a basis termination claim, but has an income recapture claim. *See Weiner*, Fed. Cl. No. 01-623 T). Other than basis termination and income recapture claims, there are no additional claims in the Court's 48 termination-year cases.

Basis termination claims are currently being litigated in *Schell*, Fed. Cl. No. 04-1743 T and *LeBlanc*, Fed. Cl. No. 05-743 T. In both, defendant has moved to dismiss, plaintiffs have responded, and defendant has replied (on February 15, 2008, in *LeBlanc* and on May 12, 2008, in *Schell*). Defendant believes that the arguments raised in its motions apply to all basis termination claims, and therefore that success on those arguments would require dismissal of 38 of the 48 termination-year cases and dismissal of the basis termination claims in 9 of the remaining 10 cases.

---

[1] *Anderson*, 06-53; *Atkinson*, 05-1249; *Bailey*, 06-39; *Blinder*, 06-52; *Chapman*, 04-1762; *Donaldson*, 01-386; *Durr*, 05-932; *Ettelson*, 05-1004; *Farneti*, 04-1760; *Frangooles*, 06-93; *Glasser*, 05-1141; *Golbuff*, 05-1224; *Hall*, 05-222; *Heubner*, 04-1742; *Holland*, 06-405; *Horsley*, 04-1766; *Hubbell*, 05-565; *Johnson*, 06-398; *Keefe*, 05-1402; *Kirwan*, 05-489; *Kraemer*, 04-1761; *Lyon*, 04-1324; *Malouf*, 04-1744; *Marks*, 04-1763; *Martin*, 05-1251; *McDaniel*, 04-1788; *McGann*, 06-430; *Meunier*, 05-880; *Morris*, 05-933; *Penni*, 04-1161; *Rossman*, 07-346; *Rutherford*, 04-1767; *Sardinas*, 05-1250; *Scuteri*, 04-1160; *Stefansson*, 06-399; *Ungs*, 04-1764; *Weiner*, 01-623; *Whittington*, 05-220; *Wong*, 06-404.

Nevertheless, the parties propose that they commence the litigation of basis termination claims in termination-year case *Rossman*, Fed. Cl. No. 07-346 T. The *Rossman* case is one out of at least 8 termination-year cases in which plaintiffs do not allege a Form 870-PAD settlement agreement (in defendant's view, a partial settlement) [2]and the partnership related tax assessment resulted from a settlement entered by the partnership's tax matters partner and an agreed decision under Tax Court Rule 248(b). As such, it differs from the fact patterns at issue in *Schell* and *LeBlanc*, which involve partners who entered Form 870-P(AD) settlements. While both parties believe their arguments with respect to termination-year cases apply whether or not a Form 870-P(AD) settlement was entered, the parties wish to proceed with a non-settlement case to avoid any waste of time that may result, in the event it is ultimately determined that the existence of a Form 870-P(AD) settlement agreement is a critical factor in the fact patterns already being litigated in *Schell* and *LeBlanc*. Accordingly, the parties propose that the Court enter an order permitting defendant 60 days within which to answer or otherwise respond to the Complaint in *Rossman* and thereafter that the case proceed in accord with the Rules of the Court of Federal Claims.[3]

We turn now to income recapture claims. They currently are not being litigated, but are present in the two remaining representative cases, *Isler*, 01-344 T, and *Scuteri*, 01-358 T. Accordingly, the parties propose that they commence litigation of the income recapture claim in

---

[2] From here to end of sentence is plaintiffs' statement, not defendant's.

[3] Defendant notes its belief that, should its broadly applicable arguments prove unsuccessful, then basis termination claims would be left to a case by case determination, as such claims otherwise involve partner specific issues of fact, for example, each partner's calculation of basis in each partnership interest, a partner's abandonment of a partnership interest, or worthlessness of a partner's partnership interest.

*Isler*, the earlier filed of the two, and that the Court permit the parties until August 22, 2008, to review the claim, confer, and file a joint status report detailing a proposed course of proceedings.

In addition, defendant believes some of the 48 termination-year cases suffer from case-specific-defects (for example, untimely filed refund claims) that would require judgment in defendant's favor, even if plaintiffs otherwise prevailed in those cases on their basis termination and/or income recapture claims. Defendant intends to bring these and other such cases, as it identifies them, to the attention of plaintiffs' counsel for consideration, during any litigation of *Rossman* and *Isler* permitted by the Court. If the parties are unable to resolve such issues without aid of judicial intervention, then, after resolution of *Rossman* and the income recapture claims in *Isler*, defendant proposes case-by-case litigation commence to resolve any remaining disputes.

Finally, the parties propose that, with the exception of the proposals *supra* regarding *Rossman* and *Isler,* the Court stay *Scuteri* (01-358) and continue to stay the other 45 termination-year cases until resolution of *Rossman* and *Isler*, and, after resolution of each, invite the parties to submit a joint status report detailing their views on the impact of such resolution on the remaining cases and proposing further proceedings.

Defendant's attorney has authorized plaintiffs' attorney to sign this joint status report on his behalf.

Respectfully submitted,

7/23/2008 s/Thomas E. Redding
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

7/23/2008 s/Bart D. Jeffress by s/Thomas E. Redding
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

7/23/2008 s/Steven I. Frahm by s/Thomas E. Redding
Date Of Counsel
Attorneys for Defendant