# In the United States Court of Federal Claims

No. 01-344 T
Filed: October 31, 2016

*******************************************

| | |
|---|---|
| * | |
| * | |
| * | Civil Actions for Tax Refund, 26 U.S.C. § 7422; |
| ROBERT J. ISLER, *et al.*,   * | |
| * | Tax Equity and Fiscal Responsibility Act ("TEFRA"), 26 U.S.C. §§ 6221; 6231–34; |
| Plaintiffs,   * | |
| * | |
| v.   * | Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) (Jurisdiction). |
| * | |
| UNITED STATES,   * | |
| * | |
| Defendant.   * | |
| * | |
| * | |

*******************************************

**Thomas E. Redding**, Redding & Associates, P.C., Houston, Texas, Counsel for the Plaintiffs.

**Bart Duncan Jeffress**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

This tax refund case was pending in the United States Court of Federal Claims before four separate judges for nine years during final adjudication of jurisdictional issues raised in two related cases under the new Tax Equity and Fiscal Responsibility Act ("TEFRA"), codified in sections of the Internal Revenue Code, including 26 U.S.C. §§ 6221–34. *See Keener v. United States*, 76 Fed. Cl. 455 (2007), *aff'd*, 551 F.3d 1358 (Fed. Cir. 2009) (holding that the United States Court of Federal Claims did not have jurisdiction to adjudicate a taxpayer refund claim under TEFRA, because whether the Internal Revenue Service ("IRS") untimely assessed federal taxes is a "partnership item" and, under 26 U.S.C. § 7422(h) and United States Treasury Regulation § 301.6231(a)(3)–1(b), the court did not have jurisdiction to adjudicate partner-level refund claims, attributable to partnership items); *see also Prati v. United States*, 81 Fed. Cl. 422 (2008), *aff'd*, 603 F.3d 1301 (Fed. Cir. 2010) (holding that a taxpayer's refund claim, alleging that, the IRS untimely assessed tax and interest, was a "partnership item" that could not be raised in a partner-level refund action in the United States Court of Federal Claims under 26 U.S.C. § 7422(h)).

This case, however, inexplicably was allowed to languish for another six years, although the only remaining issue was whether the United States Court of Federal Claims could adjudicate

whether the IRS timely assessed federal income taxes due and attributable to the adjustment of partnership items—the precise jurisdictional issue resolved by *Keener* in 2009.[1]

## I.   RELEVANT FACTS.[2]

During the 1984 fiscal year, Mr. Robert J. Isler and Mrs. Susan L. Isler were partners in Oasis Date Associates ("ODA"), a California limited partnership.  Compl. at ¶ 6.  On their 1984 federal income tax return, Mr. and Mrs. Isler reported investment deductions related to an investment in ODA.  Compl. Ex. A at 23.

On April 9, 1997, following an IRS examination of ODA's 1984 partnership return, Mr. and Mrs. Isler entered into a partner-specific Settlement Agreement with the IRS regarding four ODA partnership items: (1) ordinary income; (2) total positive income, minus qualified investment expense; (3) total positive income, minus qualified investment income; and (4) investment interest, minus investment income.  Compl. Ex. A at 23.  Under the April 9, 1997 Settlement Agreement, $4,756,385 of the deductions reported on ODA's 1984 partnership return were disallowed and Mr. and Mrs. Isler's tax liability for 1984 was adjusted accordingly.  Compl. Ex. A at 22–23.  Subsequently, Mr. and Mrs. Isler made an advance payment of $16,717 for any deficiency that may be due to the IRS.  Compl. at ¶¶ 7, 9.

On September 29, 1997, the IRS assessed Mr. and Mrs. Isler $4,990 in federal income taxes for fiscal year 1984, plus $11,682 in interest.  Compl. at ¶ 8.  On March 30, 1999, Mr. and Mrs. Isler filed claims with the IRS, requesting a $4,990 refund for the 1984 fiscal year and the $11,682 interest assessment.  Compl. at ¶ 10.  On June 8, 1999 and May 12, 2000, the IRS disallowed Mr. and Mrs. Isler's March 30, 1999 claims.  Compl. at ¶ 11.[3]

---

[1] On January 14, 2016, the court issued an Order consolidating nine cases pursuant to RCFC 42(a)(2): (1) *Isler v. United States*, No. 01-344; (2) *Scuteri v. United States*, No. 01-358; (3) *Wood v. United States*, No. 02-056; (4) *Pineo v. United States*, No. 02-401; (5) *Bolen v. United States*, No. 02-696; (6) *Mastropieri v. United States*, No. 02-910; (7) *Lewis v. United States*, No. 02-1080; (8) *McMenamin v. United States*, No. 04-1745; and (9) *Prendergast v. United States*, No. 04-1819.  ECF No. 177 at 2.  The only remaining issue in the consolidated cases is whether the United States Court of Federal Claims can adjudicate whether the IRS timely assessed federal income taxes against the plaintiffs.  ECF No. 173 at 2.  The January 14, 2016 Order designates *Isler* as the lead case, and states that the resolution of the jurisdictional issue in *Isler* will control the resolution of that issue in each of the consolidated cases.  ECF No. 177 at 2.

[2] The facts discussed herein were derived from Plaintiff's June 8, 2001 Complaint ("Compl. at ¶¶ 1–20") and Complaint Exhibit A ("Compl. Ex. A at 11–30").

[3] Thereafter, the IRS remitted to Mr. and Mrs. Isler $44.94 of the $16,717 advanced payment.  Compl. at ¶ 9.

## II.  PROCEDURAL HISTORY.

On June 8, 2001, Mr. and Mrs. Isler ("Plaintiffs") filed a Complaint in the United States Court of Federal Claims seeking a federal tax refund of $22,039.06 for taxable year 1984, based on five claims:

- The IRS unlawfully assessed taxes after the relevant statutes of limitations, *i.e.*, 26 U.S.C. § 6501(a)[4], and 26 U.S.C. § 6229(a)[5], expired.  Compl. at ¶ 12a.  Any amount assessed and collected, after the statute of limitations expired, is a refundable overpayment under 26 U.S.C. § 6401.[6]  Compl. at ¶ 12b.  ("Untimely Tax Assessment Claim").

- Under the April 9, 1997 Settlement Agreement, Plaintiffs did not concede that any of the adjustments to ODA partnership items were tax motivated transactions, (Compl. at ¶ 12d), so, as a matter of law, the IRS improperly imposed interest at the penalty rate under 26 U.S.C. § 6621(c)[7], (Compl. at ¶¶ 12c, 12e).  ("Penalty Interest Claim").

---

[4] Section 6501(a) provides the general statute of limitations for tax assessments against individuals: "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed[.]"  26 U.S.C. § 6501(a).

[5] Section 6229(a) provides the statute of limitations for tax assessment attributable to partnership or affected items:

Except as otherwise provided in this section, the period for assessing any tax imposed . . . with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of . . . (1) the date on which the partnership return for such taxable year was filed, or . . . (2) the last day for filing such return for such year (determined without regard to extensions).

26 U.S.C. § 6229(a).

[6] Section 6401 provides:

The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto.

26 U.S.C. § 6401(a).

[7] The June 8, 2001 Complaint cites to the 1986 edition of 26 U.S.C. § 6621(c), providing: "[i]n the case of interest payable . . . with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section."  26 U.S.C. § 6621(c).  The Omnibus Budget Reconciliation Act of 1989 repealed the higher interest rate imposed by section 6621(c) on

- The IRS was required to abate interest under 26 U.S.C. § 6404(e).[8]  Compl. at ¶ 12f.  ("Interest Abatement Claim").

- The IRS was required to apply a net interest rate of zero, under 26 U.S.C. § 6621(d)[9], for the 1984 taxable period, because interest was payable to the IRS and allowable to Plaintiffs.  Compl. at ¶ 12g.  ("Interest Netting Claim").

- The IRS was required to apply an offset to Plaintiffs' 1984 deficiency, because of their overpayment of federal income tax in 1997.  Compl. at ¶ 18a–18e.  ("Offset Claim").

On December 5, 2003, the Government filed a Motion To Dismiss the Untimely Tax Assessment, Interest Abatement, Interest Netting, and Offset claims alleged in the June 8, 2001 Complaint, based on Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC").  ECF No. 52 at 8–6.

On February 2, 2004, Plaintiffs filed a Motion For Summary Judgment regarding the June 8, 2001 Complaint's Penalty Interest Claim, (ECF No. 57), together with Proposed Findings Of Uncontroverted Fact, (ECF No. 58).  On April 2, 2004, the Government filed a Response stating that, "[o]n April 9, 1997, [Plaintiffs] settled all of [their] 1984 ODA partnership items with the

---

underpayments attributable to tax-motivated transactions.  Pub.L. 101-508, Title XI, § 11341(a).  The repeal, however, only applies to federal tax returns due after December 31, 1989.  Pub.L. 101-508, Title XI, § 11341(b) ("The amendment . . . shall apply for purposes of determining interest for periods after December 31, 1990.").  Because the tax return in question was due in April 1985, the Omnibus Budget Reconciliation Act of 1989 does not apply.

[8] Section 6404(e)(1) provides:

In the case of any assessment of interest on . . . any deficiency attributable . . . to any unreasonable error or delay by an officer or employee of the Internal Revenue Service . . . in performing a ministerial or managerial act . . . the Secretary [of the Treasury] may abate the assessment of all or any part of such interest for any period . . . [but] only *if no significant aspect of . . . delay can be attributed to the taxpayer involved*[.]

26 U.S.C. § 6404(e)(1) (emphasis added).

In addition, "[t]he Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made, unless . . . the taxpayer (or a related party) has in any way caused such erroneous refund[.]"  26 U.S.C. § 6621(e)(2).

[9] Section 6621(d) provides: "[t]o the extent that, for any period, interest is payable . . . and allowable . . . on equivalent underpayments and overpayments by the same taxpayer of tax imposed by this title, the net rate of interest . . . on such amounts shall be zero for such period."  26 U.S.C. § 6621(d).

IRS," (ECF No. 73 at ¶ 27), although "[the April 9, 1997] settlement agreement did not address the limitations period on assessment," (ECF No. 73 at ¶ 28).

On December 12, 2005, the Government filed a second Motion to Dismiss arguing that the court does not have jurisdiction to adjudicate the June 8, 2001 Complaint's Penalty Interest Claim. ECF No. 102 at 1.

On May 21, 2007, the United States Supreme Court in *Hinck v. United States*, 550 U.S. 501 (2007), held that the United States Tax Court is the exclusive forum to conduct judicial review of an IRS decision not to abate interest under 26 U.S.C. § 6404(e). *See id.* at 506 ("[D]espite Congress's failure explicitly to define the [United States] Tax Court's jurisdiction as exclusive, we think it quite plain that the terms of § 6404(h) . . . control all requests for review of § 6404(e)(1) determinations.  Those terms include the forum for adjudication.").

On October 4, 2007, the Government advised the court that, in light of *Hinck*, the parties agreed that the United States Court of Federal Claims does not have jurisdiction to adjudicate the June 8, 2001 Complaint's interest abatement claim.  ECF No. 130 at 1; *see also* ECF No. 187 at 1 n.3 ("The parties previously agreed that[,] under *Hinck v. United States*[,] this court lacks jurisdiction of § 6404(e) interest abatement claims.").

On August 15, 2011, the parties filed a Joint Admission dismissing the June 8, 2001 Complaint's Interest Netting Claim and Offset Claim.  ECF No. 169 at 1; *see also* ECF No. 187 at 1 n.3 ([Plaintiffs] stipulated to dismissal of [their] . . . offset grounds, which rendered moot [their] § 6221(d) interest netting grounds.").

\*        \*        \*

On January 15, 2016, this case was reassigned to the undersigned judge.  On February 10, 2016, the court convened a telephone status conference and set a schedule for any supplemental briefs the parties wanted to file, in light of the inordinate amount of time that passed since the Government filed a motion to dismiss in 2003.  ECF No. 45.

On April 22, 2016, Plaintiffs filed a Supplemental Brief advising the court that "the only refund ground remaining [in the June 8, 2001 Complaint] is [section] 6501(a) limitations." ECF No. 187 at 1.  On June 23, 2016, the Government filed a Response, again arguing that, under 26 U.S.C. § 7422(h), the court does not have jurisdiction to adjudicate whether the IRS untimely assessed federal income taxes, as alleged in the June 8, 2001 Complaint.  ECF No. 190 at 1.

On July 8, 2016, Plaintiffs filed a Reply arguing that, 26 U.S.C. § 7422(h) does not apply to the June 8, 2001 Complaint's refund claim.  ECF No. 194 at 1.

## III.    DISCUSSION.

### A.    Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing

defendant to assert, by motion, "lack of subject-matter jurisdiction").  When considering whether to dismiss an action for lack of subject-matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor."  *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  Nonetheless, plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence.  *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

## B.     Jurisdiction.

The Tucker Act, 28 U.S.C. § 1491, authorizes the United States Court of Federal Claims to adjudicate tax refund claims, if the taxpayer has paid the full assessed federal tax liability and timely filed a refund claim with the IRS stating the grounds for the claim.  *See* 28 U.S.C. § 1491(a); *see also* 26 U.S.C. § 6511(a)[10]; 26 U.S.C. § 7422(a)[11]; *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed, if the "principal tax deficiency has not been paid in full").  In addition, the taxpayer must comply with the time restrictions in 26 U.S.C. § 6532(a)(1).[12]  Both of these requirements were met in this case.

---

[10] Section 6511(a) provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever [] period[] expires [] later . . . [.]

26 U.S.C. § 6511(a).

[11] Section 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

[12] Section 6532(a)(1) provides:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section[,] unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the

Finally, in tax refund cases concerning partnership items, the taxpayer must also comply with the requirements of TEFRA.

### C.    Overview Of The 1982 Tax Equity and Fiscal Responsibility Act.

Prior to 1982, partnerships for federal tax purposes were treated as aggregate entities.  *See* MICHAEL D. ROSE & JOHN C. CHOMMIE, FEDERAL INCOME TAX § 9.02 (3d ed. 1988).  Each partner filed a federal tax return and the IRS separately resolved any tax issues on a partner-by-partner basis.  *See United States v. Woods*, 134 S. Ct. 557, 562 (2013) ("Before 1982, the IRS had no way of correcting errors on a partnership's return in a single, unified proceeding. Instead, tax matters pertaining to all the members of a partnership were dealt . . . through deficiency proceedings at the individual-taxpayer level.").   This, however, led to "duplicative proceedings and the potential for inconsistent treatment of partners in the same partnership."  *Id.* at 562–63.

In 1982, Congress enacted TEFRA "creat[ing] a single unified procedure for determining the tax treatment of all partnership items at the partnership level, rather than separately at the partner level."  *Keener*, 551 F.3d at 1361 (quoting *In re Crowell*, 305 F.3d 474, 478 (6th Cir. 2002)).  Under TEFRA, "[n]o [partner-level] action may be brought for a refund attributable to partnership items [.]"  26 U.S.C. § 7422(h).  "Nonpartnership items" were to be determined at the partner level.  *See Crnkovich v. United States*, 202 F.3d 1325, 1332 (Fed. Cir. 2000) ("[T]he tax treatment of nonpartnership items is determined at the individual partner level.").

### 1.    How "Tax Items" Are Considered Under TEFRA.

TEFRA defines "tax items" as:  "partnership items;" "nonpartnership items;" or "affected items:"

(3) Partnership item.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is *more appropriately* determined at the partnership level than at the partner level.

(4) Nonpartnership item.—The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

(5) Affected item.—The term "affected item" means any item to the extent such item is affected by a partnership item.

26 U.S.C. § 6231(a) (emphasis added).

---

taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

United States Department of the Treasury ("Treasury") regulations further define a "partnership item" to include: "*legal* and factual *determinations that underlie the determination of* the amount, *timing*, and characterization of [partnership] items of income, credit, gain, loss, deduction, etc." Treas. Reg. § 301.6231(a)(3)-1(b) (emphasis added).

The United States Court of Appeals for the Federal Circuit has held that Treasury Regulation § 301.6231(a)(3)-1(b)'s definition of "partnership item" is entitled to deference. *See Keener*, 551 F.3d at 1363 ("[W]e hold that the statute does not unambiguously answer the question of . . . [what constitutes] a 'partnership item.' . . . In light of this ambiguity, we conclude that the [Treasury's] interpretation of the statute is, at a minimum, a reasonable one [and] . . . we [therefore] give deference to the agency's interpretation of the statute.") (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)).

## 2.    How " Partnership Items" Are Adjudicated.

Generally, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States District Court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) (citing 28 U.S.C. § 1346(a)(1)). Under TEFRA, however, partners may not bring a partner-level refund claim, in either forum, if the claim is attributable to "partnership items." *See* 26 U.S.C. § 7422(h) ("[N]o action may be brought for a refund attributable to partnership items[.]"). Section 7422(h), however, contains two exceptions for claims that fall under 26 U.S.C. § 6228(b)[13] and 26 U.S.C. § 6230(c)[14]. Neither exception is relevant to the resolution of this case.

---

[13] Section 6228(b)(1)(A-B) concerns administrative adjustment requests:

> If the Secretary mails to a partner . . . notice that all partnership items of the partner for the partnership taxable year to which a timely request for administrative adjustment under [26 U.S.C. § 6227(d)] relates shall be treated as nonpartnership items . . . the partner may bring an action under section 7422 with respect to such claim[.]

26 U.S.C. § 6228(b)(1)(A)–(B). In addition,

> [i]f the Secretary fails to allow any part of an administrative adjustment request filed under [ section 6227(d)] by a partner . . . such partner may, pursuant to section 7422, begin a civil action for refund of any amount due by reason of the adjustments described in such part of the request[.]

26 U.S.C. § 6228(b)(2)(A)(i).

[14] Section 6230(c) applies to claims arising out of erroneous computations:

> A partner may file a claim for refund on the grounds that . . . (A) the Secretary erroneously computed any computational adjustment necessary . . . to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return[;] . . . (B) the Secretary failed to allow

3.      **The Effect Of A Settlement Agreement On The Adjudication Of "Partnership Items."**

Under TEFRA, "[t]he partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date . . . the Secretary [of the United States Department of the Treasury] or the Attorney General enters into a settlement agreement with the partner with respect to such items[.]"  26 U.S.C. § 6231(b)(1)(C).  This statute, however, applies on an item-by-item basis, so that only those "partnership items" resolved by a settlement agreement may be treated as "nonpartnership items."  *See Schell v. United States*, 589 F.3d 1378, 1383 (Fed. Cir. 2009) ("When a partner chooses to settle his individual tax liability with the IRS, the settling individual's partnership items are converted to non-partnership items, but only when the IRS enters into a settlement agreement with the partner with respect to such items.").  "When a partner files an action for a refund attributable to partnership items that have been converted through a settlement agreement, the jurisdictional bar of [section] 7422(h) no longer applies."  *Id.*

D.      **Whether The United States Court Of Federal Claims Has Jurisdiction To Adjudicate A Refund Claim, Alleging That The Internal Revenue Service Assessed Federal Income Taxes After The Relevant Statutes Of Limitations Expired.**

The June 8, 2001 Complaint alleges that the IRS unlawfully assessed federal income taxes attributable to the adjustment of partnership items, after the relevant statutes of limitations, *i.e.*, section 6501 and 6229(a), expired.  Compl. at ¶¶ 12a–12b.

1.      **The Government's December 5, 2003 Motion To Dismiss.**

The Government argues that  the June 8, 2001 Complaint's Untimely Tax Assessment Claim is attributable to a "partnership item" and, under section 7422(h), the court does not have jurisdiction to adjudicate this claim.  ECF No. 52 at 19.  Sections 6501 and 6229(a) apply to

---

a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a)[;] or . . . (C) the Secretary erroneously imposed any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

26 U.S.C. § 6230(c)(1).

Section 6230(c)(4) further clarifies:

For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the [Tax] court . . . shall be conclusive.

26 U.S.C. § 6230(c)(4).

partnership as a whole.  ECF No. 52 at 19.  Moreover, under section 7422(h), the United States Court of Federal Claims specifically does not have jurisdiction to adjudicate suits for tax refunds related to "partnership items."  ECF No. 52 at 16.  For these reasons, the court does not have jurisdiction to adjudicate the June 8, 2001 Complaint's Untimely Tax Assessment Claim.  ECF No. 52 at 24-25.

### 2.     Plaintiffs' April 22, 2016 Responsive Supplemental Brief.

Plaintiffs respond that the Untimely Tax Assessment Claim does not concern a "partnership item," because all of Plaintiffs' partnership items, including the determination of whether the IRS untimely assessed federal income taxes, were subject to the April 9, 1997 Settlement Agreement. ECF No. 187 at 4.  And, under section 6231(b)(1)(C), "partnership items" are converted to "nonpartnership items" from the date that they are settled with the IRS.  ECF No. 187 at 4.

In addition, on April 2, 2004, the Government filed a Response To Plaintiffs' Proposed Findings Of Uncontroverted Facts that contained a number of admissions.  Paragraph twenty-seven therein states that the "[Government's April 9, 1997] settlement agreement settled all of [Plaintiffs'] partnership items with the IRS."  ECF No. 187 at 3.  Under *Keener* and *Prati*, the term "partnership items" includes a determination of whether the IRS untimely assessed federal income taxes on a partner, based on adjustments to partnership items.  ECF No. 187 at 5.  Therefore, the Government's April 2, 2004 Response admits that the April 9, 1997 Settlement Agreement settled the untimely tax assessment issue.  ECF No. 187 at 5.

Plaintiffs add that, "when a partner files an action for a refund attributable to partnership items that have been converted through a settlement agreement, the jurisdictional bar of [section] 7422(h) no longer applies."  ECF No. 187 at 4 (quoting *Schell*, 589 F.3d at 1383).  Because the issue of whether the IRS untimely assessed federal income tax was resolved in the April 9, 1997 Settlement Agreement, section 7422(h)'s jurisdictional bar does not apply to the June 8, 2001 Complaint's Untimely Tax Assessment Claim.  ECF No. 187 at 4.

### 3.     The Government's June 23, 2016 Reply To Plaintiffs' Supplemental Brief.

The Government replies that, in *Keener* and *Prati*, whether the IRS assessed federal income taxes, after the section 6501 and section 6229(a) statutes of limitations expired, is a "partnership item."  ECF No. 190 at 1.  In *Keener*, the United States Court of Appeals for the Federal Circuit held that, under section 7422(h), the United States Court of Federal Claims does not have jurisdiction to adjudicate claims attributable to "partnership items."  ECF No. 190 at 1.  Because the Plaintiffs' Untimely Tax Assessment Claim is indistinguishable from the untimely tax assessment rulings in *Keener* and *Prati*, the court no longer has jurisdiction to adjudicate this issue. ECF No. 190 at 1.

In addition, the April 9, 1997 Settlement Agreement does not address and therefore did not settle, whether the IRS untimely assessed Plaintiffs' 1984 federal income taxes.  ECF No. 190 at 11.  The admission in paragraph twenty-seven of the Government's April 2, 2004 filing does not require the court to find otherwise.  ECF No. 190 at 11.  This is so, because the next paragraph of

the admission states, "[the April 9, 1997] settlement agreement did not address the limitations period on assessment." ECF No. 190 at 11.

In sum, the April 2, 2004 admission does not constrain the court as to what "partnership items" were subject to the April 9, 1997 Settlement Agreement and, in any event, does not bind the court, as a matter of law. ECF No. 190 at 12.

### 4.   Plaintiffs' July 8, 2016 [Sur] Reply To The United States' Reply To Plaintiffs' Supplemental Brief.

Plaintiff's July 8, 2016 [Sur] Reply restates that their Untimely Tax Assessment Claim is not subject to section 7422(h)'s jurisdictional bar, because it was resolved by the April 9, 1997 Settlement Agreement. ECF No. 194 at 1. Furthermore, Plaintiffs continue to insist that this case is distinguishable from *Keener* and *Prati*. ECF No. 194 at 8 n.15. Plaintiffs read these cases to hold that, under section 7422(h), a taxpayer waives the ability to raise an untimely federal tax assessment claim in a partner-level tax refund suit at the United States Court of Federal Claims, if the taxpayer failed to raise that claim at the partnership level before the United States Tax Court. ECF No. 194 at 8 n.15 (citing *Prati*, 603 F.3d at 1307). In this case, Plaintiffs raised the Untimely Tax Assessment Claim at the partnership level in the United States Tax Court. ECF No. 194 at 8. Therefore, Plaintiffs did not waive the Untimely Tax Assessment Claim and may now raise it in a partner-level tax refund suit before the court. ECF No. 194 at 8.

### 5.   The Court's Resolution.

The June 8, 2001 Complaint alleges that the IRS untimely assessed federal income taxes, after the relevant statute of limitations expired, so that any amount of taxes that the IRS collected, is a refundable overpayment. Compl. at ¶¶ 12a–12b.

#### a.   The Application Of The Statute Of Limitations Is A "Partnership Item," Subject To Section 7422(h).

It is true that *Prati* held,

> [b]ased on *Keener* . . . the [untimely tax assessment] issue is a partnership item and . . . the [plaintiffs] were required to raise the limitations issue in the partnership-level proceeding prior to . . . entering settlement . . . . They did not do so, and we therefore affirm the trial court's ruling that section 7422(h) bars them from raising their [untimely tax assessment] claims in the refund proceedings.

*Prati*, 603 F.3d at 1307.

Plaintiffs read *Prati* to hold that an Untimely Tax Assessment Claim that is not raised at the partnership level, is procedurally barred from being raised at a partner-level proceeding. ECF No. 194 at 8 n.15. Plaintiffs reason that, because they raised their Untimely Tax Assessment Claim during partnership-level proceedings before the United States Tax Court, they are now entitled to raise that claim for a second time in a partner-level refund suit before the court. ECF No. 194 at 8 n.15.

Plaintiffs read *Prati*, however, as if *Keener* was not decided and not precedential. *Keener*, on which *Prati* was "based," afforded deference to Treas. Reg. § 301.6231(a)(3)–1(b)'s definition of "partnership item"—*i.e.,* the "*legal* and factual *determinations that underlie the determination of the amount, timing,* and characterization of items of income, credit, gain, loss, [and] deduction"—because that interpretation was reasonable. *See Keener*, 551 F.3d at 1363 (citing *Chevron,* 467 U.S. at 843). *Keener* also held that, under section 7422(h), the United States Court of Federal Claims does not have jurisdiction to adjudicate partnership items, including taxpayer refund claims alleging that the IRS untimely assessed federal income taxes. *See id* at 1367 ("The Court of Federal Claims correctly determined that, under [section] 7422(h), it lacked jurisdiction over . . . Taxpayers' claims for refunds of tax and interest on the theory that the IRS assessed tax and interest after the statute[s] of limitations in section 6229(a) [and section 6501] expired[.]"); *see also Kettle v. United States*, 2012 WL 6824087, at *2 (Fed. Cir. 2012) ("In *Prati* and *Keener*, we held that statute of limitations claims . . . are 'partnership items[.]'"); *Dahlberg v. United States*, 2012 WL 6839785, at *1 (Fed. Cir. 2012) ("[S]tatute of limitations claims . . . are 'partnership items[.]'").

For these reasons, even if Plaintiffs *preserved* their Untimely Tax Assessment Claim under *Prati*, Congress did not authorize the United States Court of Federal Claims to adjudicate a refund claim, under section 7422(h), alleging that the IRS improperly assessed federal taxes after the relevant statutes of limitations expired. *See Keener*, 551 F.3d at 1367.

> ### b.    The April 9, 1997 Settlement Agreement Did Not Resolve Whether The Internal Revenue Service's Assessment Of Federal Income Taxes Against Plaintiffs Was Timely.

Section 6231(b)(1)(C) provides that: "the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date . . . the Secretary . . . enters into a settlement agreement with the partner with respect to such items[.]" 26 U.S.C. § 6231(b)(1)C). The United States Court Appeals for the Federal Circuit has held that section 6231(b)(1)(C) applies on an item-by-item basis so that, only those partnership items that are resolved in a settlement agreement become nonpartnership items. *See Schell*, 589 F.3d at 1383 ("When a partner chooses to settle his individual tax liability with the IRS, the settling individual's partnership items are converted to non-partnership items, but only when the IRS enters into a settlement agreement with the partner with respect to such items."): *see also Weiner v. United States*, 389 F.3d 152, 156 (5th Cir. 2004) ("Although a partner's settlement agreement with the IRS converts partnership items to nonpartnership items and thereby lifts [section] 7422(h)'s jurisdictional bar . . . [section 6231(b)(1)(C)] provides that only those partnership items encompassed by the settlement agreement are converted to nonpartnership items."); *Keener*, 76 Fed. Cl. at 464–65 ("[Under section 6231(b)(1(C,] only those partnership items actually resolved in a settlement agreement are converted to nonpartnership items."), *aff'd*, 551 F.3d 1358 (Fed. Cir. 2009).

The April 9, 1997 Settlement Agreement was executed on an IRS Form 870-P(AD). Compl. Ex. A at 22.   Form 870-P(AD) states, "[u]nder the provision of section 6224(c) of the Internal Revenue Code, [Plaintiffs] offer[] to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year shown on the attached [S]chedule [O]f [A]djustments." Compl. Ex. A at 22.   The Schedule Of Adjustments attached to the April 9, 1997 Settlement Agreement references four partnership items reported on ODA's federal tax

return for 1984.  *See* Compl. Ex. A at 22 (adjusting ODA's ordinary income, total positive income, minus qualified investment expense; total positive income, minus qualified investment income; and investment interest, minus investment income for 1984).  The April 9, 1997 Settlement Agreement and Schedule Of Adjustments, however, do not address whether the IRS assessed federal income taxes after the relevant statutes of limitations expired.  Compl. Ex. A at 22–23.

Plaintiffs counter that, the April 9, 1997 Settlement Agreement resolved whether the IRS's assessment of federal income taxes for 1984 was timely, because the Government's April 2, 2004 Response admitted that "[the] April 9, 1997 [Settlement Agreement] . . . settled all of [Plaintiffs'] 1984 ODA partnership items."  ECF No. 190 at 4.  The court also rejects this argument for two reasons.

First, our appellate court has observed that Form 870-P(AD) settlement agreements are limited to the partnership items that the parties elect to include.  *See Schell*, 589 F.3d at 1383 ("Taxpayers argue . . . [that Form 870-P(AD)] settlements are comprehensive . . . [.] [This] argument[] [is] without merit.").  Although the April 9, 1997 Settlement Agreement in this case identifies adjustments to four partnership items, it did not address whether the IRS assessed federal income taxes outside the relevant statutes of limitations.  Compl. Ex. at 23.  The absence of any language addressing the untimely tax assessment issue, evidences that the parties did not elect to resolve this issue in the April 9, 1997 Settlement Agreement.

Second, while the Government's April 2, 2004 filing states that, "[o]n April 9, 1997, [Plaintiffs] settled all of [their] 1984 ODA partnership items," ECF No. 73 at ¶ 27, the next paragraph qualifies the admission, stating that "[Plaintiffs' April 9, 1997] settlement agreement did not address the limitations period on assessment," ECF No. 73 at ¶ 28.

For these additional reasons the court has determined that it does not have jurisdiction to adjudicate the June 8, 2001 Complaint's Untimely Tax Assessment Claim.

**IV.     CONCLUSION.**

        For the aforementioned reasons, the Government's December 5, 2003 Motion to Dismiss is granted.  *See* RCFC 12(b)(1).  Accordingly, the Clerk is directed to dismiss the June 8, 2001 Complaint.  In addition, the Clerk is directed to dismiss the Complaints in the eight cases consolidated with *Isler v. United States*, No. 01-344.[16]


        **IT IS SO ORDERED.**

                                                s/ Susan G. Braden
                                                **SUSAN G. BRADEN**
                                                **Judge**

---

[16] Pursuant to the January 14, 2016 Order, the consolidated cases are: (1) *Scuteri v. United States*, No. 01-358; (2) *Wood v. United States*, No. 02-056; (3) *Pineo v. United States*, No. 02-401; (4) *Bolen v. United States*, No. 02-696; (5) *Mastropieri v. United States*, No. 02-910; (6) *Lewis v. United States*, No. 02-1080; (7) *McMenamin v. United States*, No. 04-1745; and (8) *Prendergast v. United States*, No. 04-1819.  ECF No. 177 at 2.